■ VINCENT SARACENO et al., Respondents, v FIRST NATIONAL SUPERMARKETS, INC., et al., Appellants. [668 NYS2d 234] —In an action to recover damages for personal injuries, etc., the defendant Grandview Contracting Corp. appeals from so much of an order of the Supreme Court, Suffolk County (Floyd, J.), dated March 12, 1997, as denied its motion for summary judgment dismissing the complaint insofar as asserted against it, and the defendants Skyline Management Corp. and Islandia Development Co. and the defendant First National Supermarkets, Inc., separately appeal from so much of the same order as denied their respective motions to dismiss the complaint and all cross-claims insofar as asserted against them.

Ordered that the order is modified, on the law, by deleting the provision thereof which denied the motion of Grandview Contracting Corp., and substituting therefor a provision granting that motion and dismissing the complaint insofar as asserted against that defendant; as so modified, the order is affirmed, without costs or disbursements.

The plaintiff Vincent Saraceno was injured when, while making a delivery to a supermarket leased by the defendant First National Supermarkets, Inc. (hereinafter FNS), in a shopping center owned by the defendant Islandia Development Co. (hereinafter Islandia), and managed by Skyline Management Corp. (hereinafter Skyline), he slipped and fell on a patch of ice and snow on a walkway at the rear of the supermarket. Islandia entered into a contract with the defendant Grandview Contracting Corp. (hereinafter Grandview) to remove snow from certain areas of the shopping center.

The Supreme Court should have granted Grandview's mo-

tion for summary judgment since that defendant did not assume a duty of reasonable care to the injured plaintiff by virtue of its snow removal contract with Islandia (*see, Eaves Brooks Costume Co. v Y.B.H. Realty Corp.*, 76 NY2d 220; *Keshavarz v Murphy*, 242 AD2d 680; *Autrino v Hausrath's Landscape Maintenance*, 231 AD2d 943; *Phillips v Young Men's Christian Assn.*, 215 AD2d 825, 826; *Bourk v National Cleaning*, 174 AD2d 827).

The respective motions of Islandia and Skyline and FNS were properly denied. As the court noted, it cannot be determined on this record whether the plaintiff fell on a part of the common area of the shopping center, for which maintenance and snow removal were the responsibility of Islandia and Skyline, as the landlord and manager, or whether the plaintiff fell on a sidewalk adjacent to the building occupied by FNS, for which snow and ice removal was the responsibility of FNS, pursuant to the lease agreement between Islandia and FNS. Rosenblatt, J. P., Ritter, Altman and Florio, JJ., concur.