■ MARISELL CORTES et al., Respondents, v NEW YORK CITY HOUSING AUTHORITY et al., Appellants. [669 NYS2d 582] —Order, Supreme Court, New York County (Carol Huff, J.), entered July 24, 1997, which denied defendants' motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, and the defendants' motion granted.

The Clerk is directed to enter judgment in favor of the defendants-appellants dismissing the complaint.

Plaintiff was robbed and assaulted by two men in the basement of defendants' building, where she resided. Plaintiff entered the elevator in the lobby and pressed the button for the fifth floor. Instead, however, the elevator went down to the basement. When the elevator door opened, one man wearing a mask pulled her out and a second man grabbed her from behind while holding a knife to her throat. The men took plaintiff's money and jewelry and assaulted her. They fled through a basement door, on which, according to plaintiff's deposition testimony, the locks had been broken for some time. Plaintiff conceded she could not identify her assailants, nor did she know if they were tenants, guests or intruders.

Defendants' motion for summary judgment should have been granted. "In the absence of proof that the assailant was an intruder who entered through a negligently unlocked door, rather than another tenant or a tenant's invitee, there is insufficient evidence of proximate cause to defeat the landlord's motion for summary judgment (*Kistoo v City of New York*, 195 AD2d 403, 404)." (*Burgos v Aqueduct Realty Corp.*, 245 AD2d 221, 223.) The combination of plaintiff's testimony regarding the speculation by the responding police officer that the perpetrators entered through the basement door, and the fact that the basement was off limits to tenants, was insufficient to raise a triable issue of fact as to whether the assailants were intruders who gained access to the premises as a result of the landlord's defective security measures (*see, Bennett v Twin Parks Northeast Houses*, 247 AD2d 213; *cf., Naranjo v New York City Hous. Auth.*, 247 AD2d 246).

Nor was defendant's summary judgment motion untimely under the recent amendment to CPLR 3212 (a), which requires that a motion for summary judgment "shall be made no later than [120] days after the filing of the note of issue, except with leave of court on good cause shown." While plaintiffs filed their note of issue on January 26, 1996, and defendant moved for summary judgment on April 29, 1997, we have recently held that the 120-day period begins to run from the effective date of the amendment, January 1, 1997, in cases where the note of issue was filed before that date (*see, Phoenix Garden Rest. v Chu*, 245 AD2d 164). As defendant's motion for summary judgment was made within 120 days of January 1, 1997, it was timely under the statute.

The remaining contentions are meritless. Concur—Nardelli, J. P., Wallach, Williams and Mazzarelli, JJ.