■ IRA NEWMAN et al., Respondents, v GLADYS KEUHNELIAN et al., Appellants, et al., Defendant. [670 NYS2d 431] —Order, Supreme Court, New York County (Karla Moskowitz, J.),

entered April 7, 1997 denying defendants' motions for summary judgment dismissing the complaint as untimely, unanimously reversed, on the law, without costs, and the motion for summary judgment granted to defendants dismissing the complaint. The Clerk is directed to enter judgment in favor of defendants-appellants dismissing the complaint as against them.

During plaintiff's 1984 prostate surgery, a "Foley" catheter was inserted into the bladder through the penis, with the purpose of fixing the position of the urethra so that it would not close or collapse. A physician's affidavit submitted in support of defendant's motion indicated that the catheter was a fixation device intended to keep the urethral passage open until such time as it healed and could remain open without the device. Subsequent to surgery, the catheter slid out of plaintiff's body, which was apparent to medical personnel. However, a piece broke off leaving the balloon portion of the catheter in his body, undetected. The catheter part eventually migrated to the urethra, leading to physical difficulties requiring a second surgical procedure in 1994, at which time the catheter piece was discovered.

On June 21, 1994, plaintiff commenced this action sounding in medical malpractice in connection with the original surgery, more than two and one half years after that first surgery. Plaintiff's theory is that a foreign object had been left in plaintiff's body, ostensibly triggering the one year date-of-discovery limitations period of CPLR 214-a running from the date of the second surgery. After completion of discovery, the note of issue was filed on July 26, 1996. The matter was placed on the trial ready calendar on January 17, 1997, and defendants moved for summary judgment on January 21, 1997, some 179 days after the filing of the note of issue. A 1996 amendment to CPLR 3212 (a), effective January 1, 1997, requires the filing of a motion for summary judgment within 120 days of the filing of the note of issue. If the amendment to CPLR 3212 (a) strictly applies to the filing of this motion, movant would have been required to seek summary judgment by November 23, 1996.

Initially, we note that the 1996 amendment to CPLR 3212 (a), effective January 1, 1997, is only a procedural rule not affecting substantive rights. As a general matter of statutory construction, it is to be applied prospectively or only to matters pending on the effective date of the amendment, absent legislative direction to the contrary not present herein (McKinney's Cons Laws of NY, Book 1, Statutes § 55). In a recent ruling, we

have found the statutory amendment not to bar summary judgment motions filed within 120 days of January 1, 1997, the effective date of the statute for cases pending on that date (*Phoenix Garden Rest. v Chu*, 245 AD2d 164), a construction that directly applies herein. Hence, the filing of the motion for summary judgment was timely.

On the merits, we conclude that dismissal is required as a matter of law. The catheter was not a "foreign object" inadvertently left in plaintiff's body sufficient to delay accrual of the Statute of Limitations until the date the object was discovered or reasonably should have been discovered (*Rockefeller v Moront*, 81 NY2d 560). Rather, the catheter was a fixation device (*see, LaBarbera v New York Eye & Ear Infirmary*, 230 AD2d 303, 306, *affd* 91 NY2d 207 [stent placed in nasal passage was fixation device, even if "inexplicably left in plaintiff's nose"]) and fixation devices specifically are excluded from the tolling provisions of CPLR 214-a. The distinction between a "foreign object" that will toll the statute and a fixation device, for which the action accrues with the last act of negligence or malpractice, is that a fixation device is intentionally implanted, even if negligently left inside, whereas a foreign object is negligently left inside the patient during surgery and its continued presence serves no medical purpose (*Rockefeller v Moront, supra*; *LaBarbera v New York Eye & Ear Infirmary, supra*; *Delaney v Champlain Val. Physicians Hosp. Med. Ctr.*, 232 AD2d 840). A fixation device cannot be transformed into a foreign object merely because the continued presence of the fixation device is inadvertent (*Rodriguez v Manhattan Med. Group*, 77 NY2d 217). Since the catheter is a fixation device rather than a foreign object, the two and one half year medical malpractice Statute of Limitations, commencing with the act, omission or failure complained of, applies (CPLR 214-a), and in this case requires dismissal. Concur—Wallach, J. P., Nardelli, Tom and Mazzarelli, JJ.