■ ANTHONY GIRARDI, Respondent, v BANK OF NEW YORK Co., INC., et al., Respondents, and DeCAN LANDSCAPING, Co., INC., Appellant. [671 NYS2d 321] —In an action to recover damages for personal injuries, the defendant DeCan Landscaping, Co., Inc., appeals from an order of the Supreme Court, Suffolk County (Cannavo, J.), dated April 11, 1997, which denied its motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

Ordered that the order is modified, on the law, by deleting the provision thereof which denied that branch of the motion which was for summary judgment dismissing the complaint insofar as asserted against the defendant DeCan Landscaping, Co., Inc., and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed, without costs or disbursements.

On the morning of February 24, 1994, the plaintiff slipped and fell on a patch of ice near the entrance to the Bank of New York (hereinafter the Bank) in North Babylon. The appellant, DeCan Landscaping, Co., Inc., was contractually obligated to remove ice and snow from the Bank's property, assuring "ingress to and egress from [the premises] at all times free of ice and snow".

The Supreme Court should have granted that branch of the appellant's motion which was for summary judgment dismissing the complaint insofar as asserted against it since the appellant " 'assumed no duty to exercise reasonable care to prevent foreseeable harm to the plaintiff by virtue of its contractual duty to remove snow from the subject premises' " (*Coyle v Long Is. Sav. Bank,* 248 AD2d 350, quoting *DeCurtis v T.H. Assocs.,* 241 AD2d 536; *see also, Saraceno v First Natl. Supermarkets,* 246 AD2d 638). The appellant's limited contractual undertaking was not a comprehensive maintenance obligation which the parties could reasonably expect to displace the Bank's duty as a landowner to maintain the property safely (*see, Palka v Servicemaster Mgt. Servs. Corp.,* 83 NY2d 579; *Keshavarz v Murphy,* 242 AD2d 680; *Phillips v Young Men's Christian Assn.,* 215 AD2d 825). Rosenblatt, J. P., Miller, Ritter and Krausman, JJ., concur.