■ VALLEY SPACE THEATRE CORP., Appellant, v NEW VALLEY DEVELOPMENT CORP. et al., Respondents. [673 NYS2d 720] —In an action pursuant to RPAPL article 15 to vacate a tax lien sale of the subject property, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Rockland County (Weiner, J.), entered May 14, 1997, as granted the motion of the defendant New Valley Development Corp. for summary judgment dismissing the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff brought this action pursuant to RPAPL article 15 to vacate a tax lien sale of the subject property. In May 1993 the plaintiff entered into an agreement whereby it agreed to "terminate and discontinue with prejudice" the action upon the acquisition by the defendant New Valley Development Corp. (hereinafter New Valley) of the subject property. In July 1996 New Valley purchased the subject property and was added as a defendant in the action. In December 1996 New Valley moved for summary judgment dismissing the complaint, arguing that the conditions of the May 1993 agreement had been satisfied. The Supreme Court granted New Valley's motion, and we affirm.

Contrary to the plaintiff's contention, New Valley's motion for summary judgment, which was made 18 months after the note of issue was filed, was not time-barred. A 1996 amendment to CPLR 3212 (a), effective January 1, 1997, requires the filing of a motion for summary judgment within 120 days of the filing of the note of issue (*see,* CPLR 3212 [a], as amended by L 1996, ch 492). However, New Valley's motion was filed prior to the effective date of the amendment and, thus, the

requirement that the motion be made within 120 days after the note of issue had been filed was inapplicable (*cf., Newman v Keuhnelian,* 248 AD2d 258; *Phoenix Garden Rest. v Chu,* 245 AD2d 164). Moreover, since the terms of the May 1993 agreement were satisfied, the Supreme Court properly granted the motion for summary judgment dismissing the complaint.

The plaintiff's remaining contentions are without merit. Miller, J. P., Sullivan, Friedmann and Luciano, JJ., concur.