■ RAHKEME DEWITT et al., Appellants, v PORT AUTHORITY OF NEW YORK AND NEW JERSEY et al., Respondents, et al., Defendants. [676 NYS2d 195] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Lerner, J.), dated August 21, 1997, as granted the motion and the cross motion respectively, of the defendants Port Authority of New York and New Jersey and Yonkers Contracting Company, Inc., for summary judgment dismissing the complaint and all cross claims insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs.

The 10-year-old plaintiff and his friends crossed a bridge over, inter alia, a six-lane highway to reach the unfenced construction site where the defendant Yonkers Contracting Company, Inc. (hereinafter Yonkers), was constructing a highway ramp. The construction site was located on property abutting that which was operated by the codefendant Port Authority of New York and New Jersey (hereinafter the Port Authority). While on the construction site, the infant plaintiff and his friends rode on an abandoned luggage dolly that they found there, and during the course of riding on the dolly, the infant plaintiff was seriously injured. The exact manner in which he came to be injured is unknown. After this matter was placed on the trial calendar, at some point in time prior to April 23, 1997, the Port Authority moved for summary judgment dismissing the action. Yonkers cross moved for the same relief in May 1997. The motions were granted. On appeal, the plaintiffs contend that the motions were improperly considered since they were brought without prior leave of the court as required by the amended CPLR 3212 (a), and that in any event, they were improperly granted on the merits. We reject those contentions and affirm.

The Port Authority's motion was properly entertained since

it was made less than 120 days after the effective date of CPLR 3212 (a) as amended (*see, Newman v Keuhnelian,* 248 AD2d 258; *Phoenix Garden Rest. v Chu,* 245 AD2d 164). Further, under the circumstances it was not an improper exercise of discretion for the Supreme Court to also entertain the cross motion of the codefendant Yonkers without a prior application for leave.

The motions for summary judgment were properly granted. The Port Authority showed it was an abutting landowner. Since the record is devoid of any proof that the Port Authority either used the construction site and/or caused the injury, it was entitled to dismissal of the complaint and all cross-claims insofar as asserted against it (*see, Kaufman v Silver,* 227 AD2d 383, *affd* 90 NY2d 204). The infant plaintiff's actions in trespassing onto the construction site and his subsequent action in using an apparently abandoned luggage dolly found there, were superseding intervening acts which broke any causal connection between any alleged negligence on the part of Yonkers and the infant plaintiff's injuries (*see, Libby v Waldbaum's Inc.,* 240 AD2d 547). Miller, J. P., Thompson, Joy and Florio, JJ., concur.