■ RYAN RICH, an Infant, by His Father and Natural Guardian, PAUL RICH, et al., Respondents, v ANTHONY J. CIANO, Appellant. [678 NYS2d 381] —In an action to recover damages for personal injuries, etc., the defendant appeals from an order of the Supreme Court, Nassau County (Adams, J.), dated February 24, 1998, which denied his motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

This action, which arises from an injury which the infant plaintiff suffered while upon the defendant's premises, was commenced by service of a summons and complaint on March 15, 1995. On April 30, 1996, the court certified that all discovery and pretrial motions were completed and that the parties were prepared to go to trial. The court also directed the plaintiff to file a Note of Issue within 90 days. On May 10, 1996, the plaintiff filed his Note of Issue with the court clerk. Approximately 18 months later, in November 1997, the defendant moved for summary judgment dismissing the complaint.

The defendant's motion was properly denied on the basis that it was untimely under the recent amendment to CPLR 3212 (a) which requires that a motion for summary judgment "shall be made no later than [120] days after the filing of the note of issue, except with leave of court on good cause shown". Although the note of issue predated the January 1, 1997, effective date of the amendment, we note that this amendment is a procedural rule which does not affect substantive rights (*see, Newman v Keuhnelian,* 248 AD2d 258). Therefore, the amendment's provisions may be applied to matters such as the one here which are pending on the effective date of the amendment, absent legislative direction to the contrary (*see, McKinney's Cons Laws of NY, Book 1, Statutes § 55*). Accordingly, the defendant was required to make his motion no later than 120 days after January 1, 1997. Since the motion was not filed until November 1997, more than 300 days after the effective date of the statute, it was untimely (*see, DeWitt v Port Auth.,* 251 AD2d 617; *Phoenix Garden Rest. v Chu,* 245 AD2d 164; *Cortes v New York City Hous. Auth.,* 248 AD2d 191; *Newman v Keuhnelian,* 248 AD2d 258, *supra; Almonte v Shara Assocs.,* 248 AD2d 288). In addition, the defendant has not shown any good cause to excuse his inordinate delay in moving for summary judgment.

In light of our determination, it is unnecessary to reach the

defendant's remaining contentions. Bracken, J. P., Ritter, Thompson and Krausman, JJ., concur.