STEPHANIE A. REO, Respondent, v RICHARD A. KLARMAN et al., Appellants. [686 NYS2d 100] —In an action to recover damages for personal injuries, the defendants appeal from (1) an order of the Supreme Court, Suffolk County (Dunn, J.), dated April 27, 1998, which denied their motion, *inter alia,* to direct a new trial on the issue of liability and permit the testimony of a certain witness or, in the alternative, to set aside the verdict as excessive, and (2) a judgment of the same court, dated April 28, 1998, which, after a nonjury trial, is in favor of the plaintiff and against them in the principal sum of $255,000 ($5,000 for past pain and suffering and $250,000 for future pain and suffering).

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is modified, on the facts and as an exercise of discretion, by deleting the provision thereof which awarded the plaintiff the sum of $250,000 for future pain and suffering, and substituting therefor a provision sever-

ing the plaintiff's cause of action to recover damages for future pain and suffering and granting a new trial with respect thereto; as so modified, the judgment is affirmed, with costs to the appellants, unless within 30 days after service upon her of a copy of this decision and order with notice of entry, the plaintiff shall serve and file in the office of the Clerk of the Supreme Court, Suffolk County, a written stipulation consenting to reduce the verdict as to damages for future pain and suffering from the sum of $250,000 to the sum of $120,000, and to the entry of an amended judgment accordingly. In the event the plaintiff so stipulates, then the judgment as amended is affirmed, without costs or disbursements.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in the action (*see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see,* CPLR 5501 [a] [1]).

Contrary to the defendants' contention, the court did not improvidently exercise its discretion in denying their request for a continuance (*see, Evangelinos v Reifschneider,* 241 AD2d 508). The record reflects that the defendants had ample opportunity to discover evidence and secure the attendance of witnesses (*see, Balogh v H. R. B. Caterers,* 88 AD2d 136).

The damages awarded for future pain and suffering were excessive to the extent indicated (*see,* CPLR 5501 [c]). O'Brien, J. P., Joy, Krausman and Luciano, JJ., concur.