■ VASE N. TIWARI et al., Respondents, v EAB PLAZA et al., Respondents, and OGDEN ALLIED SERVICES CORP. et al., Appellants. [690 NYS2d 624] —In an action to recover damages for personal injuries, the defendant Ogden Allied Building & Airport Services, Inc. s/h/a Ogden Allied Services Corp., appeals from so much of an order of the Supreme Court, Queens County (LaTorella, J.), dated June 15, 1998, as denied its motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it, and the defendant Long Island Snow Removal separately appeals from the same order.

Ordered that the appeal by the defendant Long Island Snow Removal is dismissed as withdrawn; and it is further,

Ordered that the order is reversed insofar as appealed from by the defendant Ogden Allied Building & Airport Services, Inc. s/h/a Ogden Allied Services Corp., on the law, the motion is granted, the complaint and all cross claims are dismissed insofar as asserted against that defendant, and the action against the remaining defendants is severed; and it is further,

Ordered that the defendant Ogden Allied Building & Airport Services, Inc. s/h/a Ogden Allied Services Corp. is awarded one bill of costs.

The plaintiffs commenced this action against the defendant Ogden Allied Building & Airport Services, Inc. s/h/a Ogden Allied Services Corp. (hereinafter Ogden), a snow removal contractor, among others, to recover damages for personal injuries sustained by the plaintiff Vase N. Tiwari as a result of a slip and fall on ice in the parking lot of the defendant EAB Plaza. The Supreme Court denied Ogden's motion for summary judgment. We reverse.

Contrary to the plaintiffs' contentions, Ogden was entitled to summary judgment since neither the snow removal contract between Ogden and EAB Plaza's managing agent, the defendant Galbreath Co., nor the surrounding circumstances, suggest that Ogden assumed a duty toward the injured plaintiff to maintain the property in a reasonably safe condition, or that the injured plaintiff detrimentally relied upon the continued performance by Ogden of its contractual obligations (*see, Boskey v Gazza Props.*, 248 AD2d 344, 346; *Saraceno v First Natl. Supermarkets*, 246 AD2d 638, 639). Thompson, J. P., Sullivan, Joy and Schmidt, JJ., concur.