■ DIANE SAPONE, Respondent, v COMMERCIAL BUILDING MAINTENANCE CORP., Appellant. [691 NYS2d 148] —In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Suffolk County (Doyle, J.), dated May 28, 1998, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

On May 5, 1995, the plaintiff allegedly suffered personal injuries when she slipped and fell because of debris on the floor of her employer's building. At the time, a contract was in effect between her employer, NYNEX, and the defendant Commercial Building Maintenance Corp. (hereinafter CBMC) pursuant to which CBMC was to provide certain services, specifically, "House Services, Lawn Care, Snow Removal, Pest Control, [and] Lighting replacements", at a number of NYNEX buildings, including the one in which the plaintiff was injured. Effective July 6, 1993, the contract was modified, and CBMC was

to clean the subject buildings only three times per week, Monday, Wednesday, and Friday. CBMC was to clean the building in which the plaintiff was injured between 6:00 A.M. and 9:00 A.M.

The plaintiff commenced the instant action against CBMC alleging, *inter alia,* that CBMC was negligent "in failing to sweep the floor and clear the debris for an extended period of time prior to the accident". CBMC moved for summary judgment dismissing the complaint on the ground that it owed no duty of care to the plaintiff. The Supreme Court denied the motion. We reverse.

The Court of Appeals has stated that "the definition of the existence and scope of an alleged tortfeasor's duty is usually a legal, policy-laden declaration reserved for Judges to make" (*Palka v Servicemaster Mgt. Servs. Corp.,* 83 NY2d 579, 585; *see, Di Ponzio v Riordan,* 89 NY2d 578, 583). The determination as to whether an alleged tortfeasor owes an injured party a duty "rest[s] on policy considerations of whether plaintiff's interests are entitled to legal protection against defendant's conduct" (*Eiseman v State of New York,* 70 NY2d 175, 189-190; *see, Eaves Costume Co. v Y.B.H. Realty Corp.,* 76 NY2d 220, 226; *Strauss v Belle Realty Co.,* 65 NY2d 399, 402-403; *De Angelis v Lutheran Med. Ctr.,* 58 NY2d 1053, 1055).

In the instant case, the Supreme Court erred in denying the motion by CBMC for summary judgment, as the limited contract between CBMC and NYNEX which was in effect on the date that the plaintiff was injured was not "a comprehensive and exclusive property maintenance obligation which the parties could have reasonably expected to displace [the property owner's] duty, as a landowner, to maintain the property safely" (*Riekers v Gold Coast Plaza,* 255 AD2d 373, 374; *Girardi v Bank of N. Y. Co.,* 249 AD2d 443, 444; *Miranti v Brightwaters Racquet & Spa,* 246 AD2d 518, 519; *Keshavarz v Murphy,* 242 AD2d 680, 681; *cf., Crosby v Ogden Servs. Corp.,* 236 AD2d 220). S. Miller, J. P., Sullivan, Friedmann, Luciano and Feuerstein, JJ., concur.