OPINION OF THE COURT
Arthur W. Lonschein, J.
The plaintiff alleges that she was injured in a motor vehicle accident with a taxi owned by the defendant Song Cab Corporation (Song Cab) and driven by the defendant Puello, occasioned at least in part by a malfunctioning traffic light. The movant Welsbach Electric Corporation (Welsbach) has contracted with the City of New York to maintain such traffic lights, including the one at issue. It now moves for summary judgment. The motion is based on several grounds, including the contention that the movant owed no duty of care to the plaintiff or the cab driver, that if any such duty existed it was not breached, that any such breach was not a proximate cause of the accident, and that the plaintiff did not suffer a “serious injury” within the meaning of the Insurance Law. The defendant City cross-moves for summary judgment, relying on the arguments made by Welsbach. For the reasons that follow, the complaint as against Welsbach and cross claims asserted against it by the defendants Song Cab and Nelsido Puello are severed and dismissed. The motion is denied as to any claim by the defendant City of New York for contribution or indemnification. The City’s cross motion is denied in its entirety.
The first issue is whether the court should entertain this motion and cross motion at all. The movant concedes that the motion was made more than 120 days after the filing of a note of issue. CPLR 3212 (a) prohibits such motions, unless the court finds that the motion is justified by “good cause.” As a general rule, courts should reject summary judgment motions *741 which are untimely under CPLR 3212 (a) (see, Rich v Ciano, 254 AD2d 268; Almonte v Shara Assocs., 248 AD2d 288; Olzaski v Locust Val. Cent. School Dist., 256 AD2d 320; Neves v Port Auth., 265 AD2d 393), and it is plain that undue leniency in excusing late motions will simply encourage more of them and vitiate the purpose of the prohibition. The rule is not, however, intended to be a haven for meritless or frivolous lawsuits (Rossi v Ogden Med. Ctr., 252 AD2d 778) and it has been held that the court’s discretion should be exercised in favor of entertaining such motions where they are “clearly meritorious” (Maravalli v Home Depot U.S.A., 266 AD2d 437).
The movant justifies its delay by pointing to a motion to strike the matter from the calendar, which was resolved by a stipulation of the parties, allowing further depositions by the defendants Song Cab and Fuello, and precluding them from calling a certain witness if he was not produced for deposition within 120 days of the filing of the note of issue. The stipulation was “so-ordered” by Justice Weiss. This motion was made shortly after the 120-day period had expired without the witness having been produced. The movant claims that it was unable to make the motion without knowing whether the deposition would be held or not, and that its time to move should therefore be held to commence with the end of the stipulated 120-day period.
The court finds this to be insufficient cause for the late motion. The grounds asserted by the movant are unrelated to the deposition at issue, and it was in possession of all relevant evidence at the time of the filing of the note of issue. The branches of the motion relating to whether the movant breached its duty, whether such a breach could be considered a proximate cause of the accident, and whether the plaintiff sustained a “serious injury” are not so clearly meritorious as to justify the court in entertaining the late motion. This applies equally, of course, to the City’s cross motion.
Another branch of the motion, however, presents a ground which does persuade the court to entertain it. The court is asked to dismiss the complaint and cross claims for contribution as against the movant, on the ground that it owed no duty in tort to the plaintiff or to the codefendants Song Cab and Fuello.
It is well established that the question of whether a given defendant owed a duty of care to a given plaintiff is “usually a legal, policy-laden declaration reserved for Judges to make” *742 (Palka v Servicemaster Mgt. Servs. Corp., 83 NY2d 579, 585; Sapone v Commercial Bldg. Maintenance Corp., 262 AD2d 393). The question of whether or not Welsbach owed a duty in tort to the plaintiff and the codefendants will, therefore, have to be resolved by the court, either here and now, on this motion, or at trial by the Trial Judge. The essential facts necessary to make the decision are not in dispute, and the court is in a position to make the ruling at this time. As will be discussed, courts which have considered similar cases have reached conflicting results. The motion is made sufficiently far in advance of trial to avoid time pressures and to allow due deliberation. To refuse to decide the matter now, on the ground of timeliness alone, would be to burden the trial court at a time when the press of the trial itself would hinder the court’s ability to give the matter the calm, unhurried consideration it requires and deserves. Therefore, the court concludes that this motion should be entertained, notwithstanding the lack of good cause for movant’s delay, or that the merit of the motion is not beyond dispute.
Cases such as Francois v City of New York (161 AD2d 319) and Pizzaro v City of New York (188 AD2d 591) have held that a municipal lighting contractor owes no duty in tort to the general public. The plaintiff urges on the court the proposition that these cases are no longer good law.
In Palka v Servicemaster Mgt. Servs. Corp. (supra), the Court of Appeals considered the case of a hospital where all maintenance and inspection functions, including that of inspecting the fan which eventually fell and injured the plaintiff, had been assumed by the defendant. The Court found that the entire purpose of the service contract between the hospital and the defendant was for the defendant “to become the sole privatized provider for a safe and clean hospital premises” (at 589), and held that this exclusivity of management and control justified the extension of a duty of care, and hence of tort liability, as to all persons within the foreseeable area of the safety services.
The plaintiff relies on the Palka case (supra), as well as cases flowing from it, such as Spooner v National El. Inspection Servs. (161 Misc 2d 73), which involved elevator inspections. To the same effect, and directly on point, is Cossu v JWP Inc. (173 Misc 2d 277), where the court held that the company which had contracted to repair and maintain streetlights was liable to a motorist injured when a streetlight fell on his moving vehicle. The court there concluded that the exclusivity of mainte *743 nance obligation, which is the heart of the holding in Palka, had been established.
The court respectfully disagrees with the holding in Cossu v JWP Inc. (supra). As explained by the Appellate Division, Second Department, in Keshavarz v Murphy (242 AD2d 680), the necessary consideration for the application of the rule in Palka (supra, at 681) is whether the movant’s contract with the City was “a comprehensive and exclusive property maintenance obligation which the parties could [have] reasonably expect [ed] to displace [the City’s] duty as a landowner to maintain the property safely” (see also, Sapone v Commercial Bldg. Maintenance Corp., supra; Riekers v Gold Coast Plaza, 255 AD2d 373; Girardi v Bank of N. Y. Co., 249 AD2d 443; Miranti v Brightwaters Racquet & Spa, 246 AD2d 518). Considering all of the circumstances, it cannot be said that the movant undertook the comprehensive obligation which was present in Palka, or that the parties could reasonably have expected all responsibility for the traffic light to have passed to the movant. That Francois v City of New York (supra) and Pizzaro v City of New York (supra) are still good law is shown by the fact that the Appellate Division, Second Department, continues to cite to them, albeit in cases not involving street lighting contractors, most recently in Daddio v American Golf Corp. (238 AD2d 301). These cases control the disposition here. Therefore, the court concludes that the movant owed no duty to the plaintiff or the cab driver, and the complaint and the cross claim by the cab company for contribution should be severed and dismissed.
The City’s cross claim for contribution or for contractual or common-law indemnification is not affected by this analysis, and any such cross claims shall be deemed a third-party action.