■ EDWARD GALETTI et al., Respondents, v COYNE TEXTILE SERVICE, INC., et al., Appellants. [705 NYS2d 395] —In an action to recover damages for personal injuries, etc., the defendant Coyne Textile Service, Inc. appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Berler, J.), dated May 25, 1999, as denied its motion for summary judgment dismissing the complaint insofar as asserted against it, and the defendant Command Security Corporation appeals, as limited by its brief, from so much of the same order as denied its motion for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is reversed, on the law, with one bill of costs, the respective motions are granted, and the complaint is dismissed.

The plaintiff Edward Galetti (hereinafter the injured plaintiff) allegedly sustained injuries when he slipped and fell on icy mats located in an entrance foyer of premises owned by his employer, nonparty Consolidated Edison (hereinafter Con Ed). The defendant Coyne Textile Service, Inc. was under contract with Con Ed to provide entrance mats for the subject premises. The defendant Command Security Corporation was likewise under contract with Con Ed to provide premises security. The defendants separately moved for summary judgment and the Supreme Court denied their respective motions. We reverse.

The defendants' respective contracts with Con Ed, the injured plaintiff's employer, clearly were not comprehensive and exclusive property maintenance agreements which displaced the duty of Con Ed, as a landowner, to maintain the premises in a reasonably safe condition (see, Palka v Servicemaster Mgt. Servs. Corp., 83 NY2d 579; Sapone v Commercial Bldg. Maintenance Corp., 262 AD2d 393; Girardi v Bank of N. Y. Co., 249 AD2d 443; Miranti v Brightwaters Racquet & Spa, 246 AD2d 518; Keshavarz v Murphy, 242 AD2d 680). As such, the defendants assumed no duty toward the plaintiff to inspect or maintain the entrance foyer in a reasonably safe condition.

The plaintiffs' remaining contentions are without merit. Krausman, J. P., H. Miller, Schmidt and Smith, JJ., concur.