■ Mary J. Donahue et al., Respondents, v E. Petracca & Co., Inc., Defendant, and Jonang, Inc., Appellant. [717 NYS2d 189] —In an action to recover damages for personal injuries, etc., the defendant Jonang, Inc., appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (Milano, J.), dated September 20, 1999, as denied its motion for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the appellant's motion is granted, the complaint is dismissed insofar as asserted against the appellant, and the action against the remaining defendant is severed.

The plaintiff Mary J. Donahue was injured after she fell on a patch of ice in a parking lot owned by the defendant E. Petracca & Co., Inc. (hereinafter Petracca). The defendant Jonang, Inc. (hereinafter Jonang), is a contractor which was responsible for removing snow from the subject premises pursuant to an agreement with Petracca.

Where a snow removal contract is not a comprehensive and exclusive property maintenance obligation intended to displace a landowner's duty to maintain the property, as is the case here, the contractor owes no duty of reasonable care to prevent foreseeable harm to an injured plaintiff (*see, Bugiada v Iko,* 274 AD2d 368). The exception to this rule is where the

contractor's actions have "advanced to such a point as to have launched a force or instrument of harm" (*Moch Co. v Rensselaer Water Co.,* 247 NY 160, 168; *see, Pavlovich v Wade Assocs.,* 274 AD2d 382). Here, in opposition to Jonang's prima facie case for summary judgment the plaintiff failed to raise a traible issue of fact as to whether the above exception applies.

In view of the foregoing, we need not reach the plaintiffs' remaining contentions. O'Brien, J. P., McGinity, Luciano and Schmidt, JJ., concur.