■ KEVIN TELFORD et al., Appellants, v LARO MAINTENANCE CORPORATION, Respondent, et al., Defendants. [732 NYS2d 882] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from a judgment of the Supreme Court, Queens County (Price, J.), entered June 9, 2000, which, upon the granting of the motion of the defendant Laro Maintenance Corporation to dismiss the complaint insofar as asserted against it at the close of plaintiff's case, for failure to establish a prima facie case, is in favor of that defendant and against them, dismissing the complaint.

Ordered that the judgment is affirmed, with costs.

On March 18, 1993, the plaintiff Kevin Telford (hereinafter

the plaintiff) allegedly sustained personal injuries when he slipped and fell on snow and ice in his employer's parking lot. At the time of the plaintiff's accident, a contract was allegedly in effect between his employer, New York Telephone (hereinafter NYNEX), and the defendant Laro Maintenance Corporation (hereinafter Laro) to provide certain services, including general janitorial, landscaping, and snow removal duties.

At trial, the plaintiffs failed to lay a proper foundation for the admission into evidence of the purported maintenance contract between Laro and NYNEX. At the conclusion of the plaintiffs' case, counsel for Laro moved to dismiss the action insofar as asserted against it on the ground that the plaintiffs failed to establish a prima facie case. The Supreme Court granted Laro's motion and dismissed the complaint insofar as asserted against it.

Contrary to the plaintiffs' contention, they failed to establish the existence of a comprehensive and exclusive property maintenance obligation intended to displace the duty of NYNEX, as landowner, to maintain the property in a safe condition (*see, Palka v Servicemaster Mgt. Servs. Corp.,* 83 NY2d 579; *Murphy v M.B. Real Estate Dev. Corp.,* 280 AD2d 457; *Donahue v Petracca & Co.,* 277 AD2d 346; *Galetti v Coyne Textile Serv.,* 271 AD2d 406; *Sapone v Commercial Bldg. Maintenance Corp.,* 262 AD2d 393). Therefore, the Supreme Court properly granted Laro's motion.

In addition, the trial court providently exercised its discretion in denying the plaintiffs a continuance to produce a witness from NYNEX (*see, Reo v Klarman,* 259 AD2d 477; *Herbert v Edwards Super Food Stores-Finast Supermarkets,* 253 AD2d 789; *cf., Evangelinos v Reifschneider,* 241 AD2d 508). The plaintiffs failed to exercise due diligence in securing the witness's appearance, as they had ample time and opportunity to do so (*see, Herbert v Edwards Super Food Stores-Finast Supermarkets, supra; Reo v Klarman, supra,* at 478).

The plaintiffs' remaining contentions are without merit. Santucci, J. P., Goldstein, Townes and Cozier, JJ., concur.