■ In the Matter of the Estate of Max Sakow, Deceased. Walter Sakow, as De Facto Executor of Walter Sakow, Deceased, Appellant-Respondent; Evelyn Breslaw et al., Respondents-Appellants. [802 NYS2d 396]—

Order, Surrogate's Court, Bronx County (Lee L. Holzman, S.), entered April 13, 2004, which, after a nonjury trial, rejected as speculative petitioner's accounting as de facto executor and determined that the only available remedy, based on the limited proof adduced at trial, entitled objectants to four ninths of the net proceeds, without any adjustments for petitioner's expenses or income, from the sale of certain Bronx properties, unanimously modified, on the law and the facts, to award objectants a two-thirds interest in the nine properties remaining from their father Max Sakow's estate, and, except as thus modified, affirmed, without costs or disbursements.

The granting or refusing of a continuance in a judicial proceeding is a matter within the sound discretion of the trial court (CPLR 4402; *see Matter of Anthony M.,* 63 NY2d 270, 283-284 [1984]), and should not be interfered with absent a clear abuse of discretion (*Balogh v H.R.B. Caterers,* 88 AD2d 136, 143 [1982]). Here, we perceive no such abuse. More than two years after objectants discharged their prior counsel, they still

had not retained new trial counsel or formally moved to adjourn for that purpose, not even during the four-month period that elapsed after the trial date was set (*see Matter of Bales*, 93 AD2d 861 [1983], *lv dismissed* 60 NY2d 701 [1983]).

The Surrogate correctly found that the doctor's notes provided by objectants did not comply with his prior order and were otherwise deficient. Notwithstanding objectants' failure to present any proof in this proceeding for judicial settlement of an account, the Surrogate had the power to initiate an inquiry into items of the account before approving them (*see Matter of Stortecky v Mazzone*, 85 NY2d 518 [1995]). As the Surrogate noted, on its face, the accounting contained certain reservations pertaining to issues determined adversely to petitioner that have yet to be challenged, and disclaimers as to the estimates and interpolations used. In view of these disclaimers and the history of the action, the Surrogate correctly determined that reconstruction of the estate's activities was not possible due to petitioner's failure to retain records and his lack of cooperation during discovery. Petitioner produced documents only when production could no longer be circumvented, and even then, only those documents that appeared to favor his position. While petitioner touts the sources of the data on which his estimates were based, he ignores the Surrogate's finding that the offer of proof appeared to have been constructed for purpose of showing losses at trial, even with respect to income-producing properties. Based on this widespread lack of documentation on the eve of trial, the Surrogate properly concluded that petitioner was not entitled to a claimed credit of $1,250,000, or for any other amount.

Nor should the deficiencies in the accounting be excused by its scope. To do so would reward petitioner for over 40 years of self-dealing and deception. As the Surrogate found, if petitioner cannot account for all of the properties, inferences may be drawn and doubts resolved adversely to him (*see Matter of Shulsky*, 34 AD2d 545, 547 [1970], *appeal dismissed* 27 NY2d 743 [1970]).

On a prior appeal herein (275 AD2d 279, 280 [2000]), we found that given that Rose Sakow, the testator's widow and the parties' mother and de jure executrix of the estate, had already received her one-third share of the estate, as reflected in her own previously approved accounting, "the option offered by the Surrogate, in effect, gave each petitioner 2/9ths or 1/3rd of *what remains*, for a total of 4/9ths or 2/3rds of *what remains* of their father's estate." It is now crystal clear that the nine properties to be distributed represent the balance of the testator's estate

and are "what remains of their father's estate." Thus, the objectants' share of the balance is two thirds, not four ninths, as previously decreed (2 AD3d 196 [2003]). The latter determination would leave petitioner with five ninths of the estate balance, not the one third to which he is entitled. We modify accordingly. Concur—Friedman, J.P., Sullivan, Gonzalez, Sweeny and Catterson, JJ.