(June 7, 2007)

■ GEIDY MAYORGA, Appellant, v JOCARL & RON Co., Respondent. [839 NYS2d 8]—

Judgment, Supreme Court, Bronx County (Barry Salman, J.), entered on or about August 15, 2005, which, following a jury verdict in defendant's favor, dismissed plaintiff's complaint, affirmed, without costs.

This is a personal injury action in which plaintiff alleges that on January 1, 2001, at approximately 1:00 A.M., she slipped and fell on the rampway leading to a bodega located in the building designated as 1803 Mansion Street, Bronx, New York. Defendant is the owner of the building; the bodega was not named as a party to this action. Plaintiff contends that her injuries were caused by defendant's negligence in maintaining a defective and dangerous rampway which had accumulated ice and water, and violated the New York City Building Code regulations in that the rampway was too steep and lacked handrails. Plaintiff, during pretrial discussions, identified "Tom, last name unknown" as the only witness to the accident.

Defense counsel, during his opening statement, asserted that plaintiff fell in the street, not at the bodega entrance, and that she gave that version of the events to EMS personnel who arrived to assist her. Defense counsel also stated that the jury "may be hearing from . . . Raphael Peralta," who was the clerk working in the bodega on the night of the incident. Counsel stated that "if he comes in," Peralta would testify that he had closed the bodega before midnight so he could be home with his family for New Year's Eve, that there were no problems with the ramp, and that he was unaware of any complaints regarding its condition.

Plaintiff's counsel, after defendant's opening statement, noted that Peralta was apparently "some sort of a notice witness," and pointed out that the court had previously ruled that notice witnesses had to be disclosed. Defense counsel responded that Peralta was not a notice witness, to which plaintiff's counsel replied that he would revisit the issue later in the trial.

Plaintiff thereafter testified regarding her version of the incident, claiming that after she fell, a neighbor, identified only as "Tony," carried her to her apartment approximately one-half block away, where she called 911. Plaintiff admitted that if she had been "just a little bit careful," the accident might not have happened. John Flynn, a professional engineer, testified that the pitch of the ramp and the absence of handrails violated the Administrative Code of the City of New York and rendered the ramp very dangerous, particularly in the dark and after a recent snowfall.

Plaintiff thereafter attempted to call Peralta as a witness, at which time defense counsel moved to preclude Peralta from testifying, arguing that Peralta had not been identified as a witness by plaintiff. Plaintiff's counsel explained that he first learned about Peralta during defense counsel's opening statement and, as a result, had sent an investigator to interview him. In response to the court's request for an offer of proof, plaintiff's counsel stated that Peralta would testify he saw plaintiff fall, he was working at the time of the incident, had not left the bodega until 2:00 A.M., saw the plaintiff removed from the scene, and was aware that there had been a problem with the ramp.

Defense counsel objected, and made an offer of proof to the court that a statement had been taken from Peralta in which he stated that he had closed the store and left at 11:00 P.M., several hours prior to the incident, and that he did not learn of the accident until several days later. Defense counsel noted that if Peralta were permitted to testify, he would request a continuance so that the investigator who had taken Peralta's original statement on defendant's behalf could be called as a witness to testify as to Peralta's prior inconsistent statement.

Plaintiff's counsel then disclosed to the court that he had not spoken to Peralta, and that his offer of proof was based on a conversation with his investigator. The court subsequently rejected counsel's offer to put Peralta on the stand to question him regarding his proposed testimony, and precluded him from testifying, noting that Peralta should have been disclosed as a witness "quite a while ago." At the close of the trial, the jury found, inter alia, that defendant was negligent in maintaining

the ramp, but that such negligence was not a substantial factor in causing plaintiff's injury. The trial court thereafter entered judgment in favor of defendant dismissing the complaint.

Plaintiff now appeals on the ground that the trial court's refusal to allow Peralta to testify was a fundamental error that deprived her of a fair trial. We disagree and affirm.

It is settled that the decision of whether to grant a continuance is a matter within the sound discretion of the trial court (*Matter of Sakow*, 21 AD3d 849 [2005], *lv denied* 7 NY3d 706 [2006]; *Telford v Laro Maintenance Corp.*, 288 AD2d 302, 303 [2001]), and should not be disturbed absent a clear abuse of that discretion (*Matter of Sakow*, 21 AD3d at 849; *Balogh v H.R.B. Caterers*, 88 AD2d 136, 143 [1982]).

Here, plaintiff's only excuse for failing to notify defendant that Peralta would be called as a witness was that she was unaware of his existence until defense counsel identified him during his opening statement. Plaintiff fails to make any indication whatsoever that she conducted an investigation on her own regarding the bodega, its employees, or any of the other partially identified witnesses.* Accordingly, in light of plaintiff's utter lack of due diligence, we perceive no improvident exercise of discretion on the part of the trial court in precluding plaintiff from calling Peralta as a witness (*Shmueli v Corcoran Group*, 29 AD3d 309 [2006]; *Telford*, 288 AD2d at 303; *see also Paek v City of New York*, 28 AD3d 207, 208 [2006], *lv denied* 8 NY3d 805 [2007]; *Herbert v Edwards Super Food Stores-Finast Supermarkets*, 253 AD2d 789 [1998]; *Armetta v General Motors Corp.*, 158 AD2d 284, 286 [1990]). Concur—Andrias, J.P., Nardelli and McGuire, JJ.

Saxe and Sweeny, JJ., dissent in a memorandum by Sweeny, J., as follows: The trial court erred in not allowing Mr. Peralta to testify on plaintiff's case. Accordingly, I dissent and vote to reverse and set the matter down for a new trial.

Contrary to the argument of the majority, it is irrelevant that the plaintiff did not conduct a sufficient investigation before the trial to identify Mr. Peralta as a potential witness. It was the defendant who pointed out in its opening statement Mr. Peralta might testify. Therefore, defendant certainly could not claim any surprise or prejudice. Furthermore, it was conceded that Mr. Peralta was available to testify that day. Therefore, even if

---

* Indeed, plaintiff, other than her own testimony and that of Flynn, the professional engineer, did not call any witnesses, and, as previously indicated, only identified two potential witnesses by their first names, "Tom" as the eyewitness, and "Tony" as the Good Samaritan.

defendant needed a brief adjournment to bring in its investigator there would have been no more than a minimal delay in the trial.

The cases relied upon by the majority (*Shmueli v Corcoran Group*, 29 AD3d 309 [2006]; and *Paek v City of New York*, 28 AD3d 207 [2006]) actually support plaintiff's position. In *Shmueli*, the witnesses were not allowed to testify because the plaintiff failed to notify the defendants until the eve of trial as to their availability, even though the plaintiff learned of them during discovery. In *Paek*, the witness was not noticed until the final day of the trial. At the very least, there were, in both cases, questions whether the proffered testimony would be material. Here, the witness would have testified that contrary to defendant's argument, plaintiff fell on defendant's ramp and not the sidewalk. This testimony of a nonbiased witness would highlight the issue of defendant's negligent maintenance of the ramp as a proximate cause of the accident. This was clearly material, and its exclusion was prejudicial to plaintiff's case.