■ In the Matter of STATE OF NEW YORK, Respondent, v RICHARD ROSADO, Appellant. [942 NYS2d 348]—

Order of commitment, Supreme Court, Bronx County (Cassandra M. Mullen, J.), entered March 8, 2011, which, upon a finding of mental abnormality made after a jury trial, and a determination made after a dispositional hearing that appellant is a dangerous sex offender requiring confinement, committed appellant to a secure treatment facility, unanimously affirmed, without costs.

Appellant challenges only the court's determination that his father's testimony was not relevant to the first phase of the article 10 proceeding, concerning whether or not he suffered from a mental abnormality. A mental abnormality is defined as "a congenital or acquired condition, disease or disorder that affects the emotional, cognitive or volitional capacity of [the offender] in a manner that predisposes him or her to the commission of conduct constituting a sex offense and that results in [the offender] having serious difficulty in controlling such conduct" (Mental Hygiene Law § 10.03 [i]). Appellant's father subsequently testified in the dispositional phase of the proceedings concerning the arrangements he had made for appellant's return to the community.

The court properly exercised its broad discretion in rejecting the proposed evidence in the first phase of the trial on the grounds of materiality and relevance (see Mayorga v Jocarl & Ron Co., 41 AD3d 132, 134 [2007], appeal dismissed 9 NY3d 996 [2007]). Appellant's father's testimony did not relate to appellant's mental condition and was properly reserved for the later phase of the proceedings. Concur—Tom, J.P., Catterson, Richter, Abdus-Salaam and Román, JJ.