Order, Supreme Court, Bronx County (Cassandra M. Mullen, J.), entered March 8, 2011, which, upon a jury finding that appellant suffers from a mental abnormality and after a dispositional hearing, determined that appellant is a dangerous sex offender requiring confinement and committed him to a secure treatment facility, unanimously affirmed, without costs.
Appellant sought to call his former girlfriend to testify that, during their relationship, he exercised self-control over his *848 sexual desires. This testimony, appellant asserted, would have been relevant on the issue of whether he suffered from a “mental abnormality” within the meaning of Mental Hygiene Law § 10.03 (i). The court denied the request to call the former girlfriend on the grounds that the proffered testimony was not relevant, but indicated that appellant’s expert would be permitted to testify about conversations he had with the former girlfriend that affected his diagnosis, if any. Appellant contends that the denial of his request to call the former girlfriend as a witness deprived him of his statutory and constitutional rights to call witnesses.
In rejecting the former girlfriend’s testimony as irrelevant, the court did not commit reversible error (see Matter of State of New York v Rosado, 94 AD3d 577 [2012]). Under appellant’s offer of proof, that he may not have sexually abused one former girlfriend — and there was evidence in the proceeding that he had at least 26 sexual partners — does not tend to disprove that his behavior manifested a pattern of sexually abusing nonconsenting women.
Appellant also contends that he was denied a fair trial by the court’s interference with the direct and cross-examination of his expert witness. There was no objection to the claimed interference and, therefore, the issue is not preserved for our review (see Wilson v City of New York, 65 AD3d 906, 908 [2009]). Nor is review in the interests of justice warranted (cf. People v Retamozzo, 25 AD3d 73, 88-89 [2005]). In any event, examination of the entirety of the expert’s testimony does not reflect interference so extensive as to deny appellant a fair trial. The court’s questioning constituted only a small portion of the witness’s examination and sought only to clarify his testimony, and we see no indication of judicial bias in the record. While we agree with appellant that the court should have refrained from questioning the witness about the plethysmograph test, this unpreserved error does not warrant reversal in the interest of justice. Concur— Saxe, J.P., Friedman, Renwick, DeGrasse and Richter, JJ.