Matter of Bridgette B.E. v Lisandro R.C. (2022 NY Slip Op 05268)

Matter of Bridgette B.E. v Lisandro R.C.

2022 NY Slip Op 05268

Decided on September 27, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: September 27, 2022

Before: Webber, J.P., Kern, Singh, Moulton, Shulman, JJ. 

Docket No. O-01462/18 Appeal No. 16250 Case No. 2022-00288 

[*1]In the Matter of Bridgette B.E., Petitioner-Appellant,
v
Lisandro R.C., Respondent-Respondent.

Bruce A. Young, Brooklyn, for appellant.
Leslie S. Lowenstein, Woodmere, for respondent.

Order, Family Court, New York County (Gail A. Adams, Ref.), entered on or about November 1, 2021, which, after a fact-finding hearing, dismissed the family offense petition, unanimously affirmed, without costs.
The evidence proffered at the hearing failed to establish by a fair preponderance of the evidence that respondent committed the family offense of disorderly conduct when he came to petitioner's apartment with his adult daughter, who allegedly threatened petitioner with a box cutter. Petitioner's testimony, which focused on the allegedly threatening conduct by respondent's daughter, was insufficient to establish that respondent acted with intent to cause, or recklessly created a risk of causing, public inconvenience, annoyance, or alarm, as required to support a finding of disorderly conduct (see Matter of Linda H. v Ahmed S., 188 AD3d 597, 599 [1st Dept 2020]). Family Court's determination that petitioner's testimony was not credible is entitled to deference, regardless of respondent's decision not to testify (see Matter of Peter G. v Karleen K., 51 AD3d 541, 541 [1st Dept 2008]). The court also had before it the conflicting testimony by respondent's daughter concerning the incident and a video that she took of the incident. Contrary to petitioner's contention, the Family Court did not improvidently exercise its discretion in admitting the video into evidence, because it was properly authenticated by respondent's daughter, who testified that she recorded it on her phone and that it accurately represented the events depicted (see People v Patterson, 93 NY2d 80, 84 [1999]).
Family Court also providently exercised its discretion in denying petitioner's request for a continuance, which was made after the parties' summations (see Matter of Sakow, 21 AD3d 849, 849 [1st Dept 2005], lv denied 7 NY3d 706 [2006]).
We have considered petitioner's remaining contentions and find them either unpreserved or unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: September 27, 2022