■ ADA I. OTERO et al., Respondents, v CITY OF NEW YORK, Appellant, et al., Defendants. [670 NYS2d 545] —In an action to recover damages for personal injuries, etc., the defendant City of New York appeals, as limited by its brief, from so much of an interlocutory judgment of the Supreme Court, Kings County (Vinik, J.), dated February 14, 1997, as, upon an order of the same court, dated December 23, 1996, denying that branch of its motion which was to set aside the verdict as against it, is in favor of the plaintiffs and against it on the issue of liability.

Ordered that the judgment is reversed insofar as appealed from, on the law, with costs, so much of the order dated December 23, 1996, as denied that branch of the motion of the defendant City of New York which is to set aside the verdict as against it is vacated, that branch of the motion is granted, and the complaint is dismissed insofar as it is asserted against the City of New York.

The plaintiff Ada Iris Otero was injured when a vehicle operated by the defendant Anthony Austin skidded on a patch of ice on Beach Channel Drive in Queens and struck her, causing her to sustain personal injuries.

After trial, the jury found the City of New York (hereinafter the City) to be 85% at fault in the happening of the accident and Austin to be 15% at fault. The court denied the City's motion, inter alia, to set aside the verdict pursuant to CPLR 4404 (a). We reverse.

Viewing the evidence in the light most favorable to the plaintiffs, there was insufficient proof adduced at trial that the City had notice of a single icy patch on the subject public roadway (*see, Simmons v Metropolitan Life Ins. Co.,* 84 NY2d 972, 973-974; *Grillo v New York City Tr. Auth.,* 214 AD2d 648). Although there was some evidence introduced that an icy patch may have been present for some 48 hours prior to the accident, there was no proof that the City had actual notice that it existed. Nor was there sufficient proof that the City possessed constructive notice of the ice condition. The fact that the Sanitation Department may have conducted road inspections and performed spot-salting in the sanitation district which encompassed the accident site does not establish that the City had any constructive notice of this particular ice condition (*see, DeCurtis v T. H. Assocs.,* 241 AD2d 536; *Denton v Klein Middle School,* 234 AD2d 257; *Jornov v Ace Suzuki Sales & Serv.,* 232 AD2d 855). Further, there is no allegation in this case that a storm or weather event occurred prior to the accident which would have placed the City on notice that icy or unsafe conditions were likely to exist (*see, Simmons v Metropolitan Life Ins. Co., supra*). Under these circumstances, that branch of the City's motion which was to set aside the verdict should have been granted (*see, Grillo v New York City Tr. Auth., supra*) and the complaint is dismissed insofar as it is asserted against the City. Miller, J. P., Thompson, Friedmann and McGinity, JJ., concur.