■ JOHN GRILLO et al., Respondents, v BROOKLYN HOSPITAL, Appellant. [720 NYS2d 519] —In an action to recover damages for personal injuries, etc., the defendant appeals from an order of the Supreme Court, Kings County (Bernstein, J.), dated April 26, 2000, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The Supreme Court properly denied the defendant's motion for summary judgment. A triable issue of fact exists as to whether the ice on which the injured plaintiff slipped and fell was formed when piles of snow created by the defendant during a prior storm melted and refroze (*see, Grizzaffi v Paparodero Holding Corp.,* 261 AD2d 437; *Reidy v EZE Equip. Co.,* 234 AD2d 593; *Kay v Flying Goose,* 203 AD2d 332; *Glick v City of New York,* 139 AD2d 402). It was snowing at the time the injured plaintiff fell. While ordinarily there is no duty to remove snow during an ongoing storm, if one takes steps to remove snow and ice, liability may result if those efforts create a hazardous condition or exacerbate a natural hazard created by the storm (*see, Suntken v 226 W. 75th St.,* 258 AD2d 314; *see also, Rugova v 2199 Holland Ave. Apt. Corp.,* 272 AD2d 261). Ritter, J. P., Altman, H. Miller and Schmidt, JJ., concur.