■ KEITH TUZZO, Appellant, v CITY OF NEW YORK et al., Respondents, et al., Defendants. (Action No. 1.) KEITH TUZZO, Appellant, v GOLDEN MARK MAINTENANCE LTD., Respondent. (Action No. 2.) [729 NYS2d 639] —In two related actions to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Bruno, J.), dated April 27, 2000, which granted the separate motions of the City of New York and Citibank, defendants in Action No. 1, and Golden Mark Maintenance Ltd., the defendant in Action No. 2, which were for summary judgment dismissing the respective complaints insofar as asserted against them, and denied, as academic, his cross motion for consolidation of the actions and to compel certain discovery.

Ordered that the order is affirmed, with one bill of costs.

The defendants in Action No. 1, City of New York, Citibank, and Stefanos Calogeras and Anna Calogeras (hereinafter the Calogeras), separately moved for summary judgment dismissing the complaint insofar as asserted against them. The plaintiff cross-moved to consolidate the actions and for further discovery. Subsequently, Golden Mark Maintenance Ltd. separately moved for summary judgment dismissing the complaint in Action No. 2. By order dated February 23, 2000, the Supreme Court granted the Calogeras' motion for summary judgment upon the stipulation of all parties. Thereafter, in the order appealed from, the Supreme Court granted the motions of the three remaining defendants for summary judgment dismissing both complaints.

The Supreme Court properly determined that the City of New York did not have sufficient time, as a matter of law, to notice and remove the ice from the sidewalk in front of Citibank's branch (see, Gustavsson v County of Westchester, 264 AD2d 408; Otero v City of New York, 248 AD2d 689). Furthermore, the Supreme Court properly found that the plaintiff was not an intended beneficiary of either the lease provision in which Citibank assumed a duty to remove snow and ice from the sidewalks adjacent to the premises (see, Kennedy v C & C New Main St. Corp., 269 AD2d 499), or of the contract between the defendant Citibank and the separate defendant Golden Mark Maintenance Ltd., since the contract, although very detailed as to its limited aspect, was not a comprehensive and exclusive property maintenance obligation which the parties could reasonably expect to displace the landowner's duty to maintain the property safely (see, Eaves Brooks Costume Co. v

*Y.B.H. Realty Corp.,* 76 NY2d 220; *Bugiada v Iko,* 274 AD2d 368). Additionally, the plaintiff's assertion that possible repair work by Citibank may have exacerbated the natural hazard of the ice on the sidewalk was based upon mere supposition and is insufficient to defeat a motion for summary judgment (*see, Penny v Pembrook Mgt.,* 280 AD2d 590).

In light of the proper dismissal of the complaints in both actions, the Supreme Court correctly denied the plaintiff's cross motion as academic. Altman, J. P., H. Miller, Smith and Cozier, JJ., concur.