■ LORI RAYNOR-BROWN, Respondent, v GARDEN CITY PLAZA Assoc. et al., Appellants-Respondents. [759 NYS2d 397] —In an action to recover damages for personal injuries, the defendants Garden City Plaza Assoc., C.B. Richard Ellis Co., and Strategic Realty Co., appeal, the defendant Eagle Maintenance, also known as Eagle Industrial Services, also known as Eagle Building Maintenance separately appeals, and the defendant Evergreen Land, Inc., separately appeals, from so much of an order of the Supreme Court, Nassau County (Segal, J.), dated February 15, 2002, as denied their respective motions for summary judgment dismissing the complaint and all cross claims insofar as asserted against them.

Ordered that the order is reversed insofar as appealed from by the defendant Eagle Maintenance, also known as Eagle Industrial Services, also known as Eagle Building Maintenance, and the defendant Evergreen Land, Inc., on the law, the motions of those defendants are granted, the complaint and all cross claims are dismissed insofar as asserted against those defendants, and the action against the remaining defendants is severed; and it is further,

Ordered that the order is affirmed insofar as appealed from by the defendants Garden City Plaza Assoc., C.B. Richard Ellis Co., and Strategic Realty Co.; and it is further,

Ordered that one bill of costs is awarded to the defendant Eagle Maintenance, also known as Eagle Industrial Services, also known as Eagle Building Maintenance and the defendant Evergreen Land, payable by the plaintiff.

The plaintiff was injured when she slipped and fell on ice at or near a curb and adjacent parking lot on certain premises owned by the defendants Garden City Plaza Assoc. and Strategic Realty Co. and managed by the defendant C.B. Richard Ellis Co. (hereinafter collectively Garden City Plaza). Pursuant to their respective agreements with Garden City Plaza, the defendant Evergreen Land, Inc. (hereinafter Evergreen), was the contractor responsible for removing snow and ice from the parking lot, while the defendant Eagle Maintenance, also known as Eagle Industrial Services, also known as Eagle Building Maintenance (hereinafter Eagle Maintenance) handled snow removal on the sidewalks of the premises. The Supreme Court denied the defendants' motions for summary judgment.

Where a snow removal contract is not a comprehensive and exclusive property maintenance obligation intended to displace a landowner's duty to maintain the property, as is the case with the two agreements herein, the contractor owes no duty of reasonable care to prevent foreseeable harm to an injured plaintiff (*see Espinal v Melville Snow Contrs.*, 98 NY2d 136 [2002]; *Donahue v Petracca & Co.*, 277 AD2d 346 [2000]; *Bugiada v Iko*, 274 AD2d 368, 368-369 [2000]). An exception to this rule is where the contractor's actions have "advanced to such a point as to have launched a force or instrument of harm" (*Moch Co. v Rensselaer Water Co.*, 247 NY 160, 168 [1928]; *see also Donahue v Petracca & Co., supra*; *Bugiada v Iko, supra*). Here, Evergreen and Eagle Maintenance made a prima facie showing of entitlement to judgment as a matter of law by establishing that their snow removal agreements with Garden City Plaza were not comprehensive and exclusive maintenance obligations. In opposition, the plaintiff failed to raise a triable issue of fact (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). There is no evidence that these defendants launched a force or instrument of harm. Thus, the Supreme Court erred in denying the respective motions of Evergreen and Eagle Maintenance for summary judgment dismissing the complaint and all cross claims insofar as asserted against them.

However, the Supreme Court properly denied the motion of Garden City Plaza for summary judgment dismissing the complaint insofar as asserted against it. In support of its motion, Garden City Plaza failed to demonstrate a prima facie

entitlement to judgment as a matter of law (*see Alvarez v Prospect Hosp.,* 68 NY2d 320 [1986]; *Vogel v Venetz,* 278 AD2d 489 [2000]). Thus, its motion was properly denied regardless of the sufficiency of the plaintiff's opposing papers (*see Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851 [1985]; *Karras v County of Westchester,* 272 AD2d 377 [2000]).

The plaintiff's remaining contention is without merit. Ritter, J.P., Smith, Krausman and Rivera, JJ., concur.