■ RICHARD J. MCCORD, Respondent, v OLYMPIA & YORK MAIDEN LANE COMPANY, Respondent, and INTERNATIONAL SERVICES SYSTEMS, INC., Appellant, et al., Defendant. [779 NYS2d 542]—

In an action to recover damages for personal injuries, etc., the defendant International Services Systems, Inc., appeals from so much of an order of the Supreme Court, Kings County (Knipel,

J.), dated July 16, 2003, as denied its motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it and as granted that branch of the cross motion of the defendant Olympia & York Maiden Lane Company which was for summary judgment on that defendant's cross claim against it for contractual indemnification.

Ordered that the order is modified, on the law, by (1) deleting the provision thereof denying that branch of the motion of the defendant International Services Systems, Inc., which was for summary judgment dismissing the complaint insofar as asserted against it and substituting therefor a provision granting that branch of the motion, and (2) deleting the provision thereof granting that branch of the cross motion of the defendant Olympia & York Maiden Lane Company which was for summary judgment on its cross claim against the defendant International Services Systems, Inc., and substituting therefor a provision denying that branch of the cross motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

Michael Gartland allegedly slipped and fell on ice on a sidewalk in front of 59 Maiden Lane in Manhattan. This action was commenced against, among others, Olympia & York Maiden Lane Company (hereinafter Olympia), the abutting landowner, and International Services Systems, Inc. (hereinafter ISS), the company hired by Olympia to provide, inter alia, snow removal services for 59 Maiden Lane. The Supreme Court, inter alia, denied ISS's motion for summary judgment dismissing the complaint and all cross claims asserted against it and granted that branch of Olympia's motion which was for summary judgment on its cross claim against ISS for contractual indemnification.

Where a cleaning services contract is not a comprehensive and exclusive property maintenance obligation intended to displace a landowner's duty to maintain the property, as is the case with the agreement herein, the contractor owes no duty of reasonable care to prevent foreseeable harm to an injured plaintiff (see Espinal v Melville Snow Contrs., 98 NY2d 136 [2002]; Gaitan v Regional Maintenance Corp., 6 AD3d 495 [2004]; Raynor-Brown v Garden City Plaza Assoc., 305 AD2d 572, 573 [2003]; Baratta v Home Depot USA, 303 AD2d 434 [2003]; Javurek v Gardiner, 287 AD2d 544 [2001]; Tuzzo v City of New York, 286 AD2d 495 [2001]; Cochrane v Warwick Assoc., 282 AD2d 567, 568 [2001]; Murphy v M.B. Real Estate Dev. Corp., 280 AD2d 457 [2001]). An exception to this rule is where the contractor's actions have "advanced to such a point as to

have launched a force or instrument of harm" (*Moch Co. v Rensselaer Water Co.*, 247 NY 160, 168 [1928]; *see Espinal v Melville Snow Contrs., supra* at 140). A contractor who "creates or exacerbates" a harmful condition may generally be said to have "launched" it (*Espinal v Melville Snow Contrs., supra* at 142).

In opposition to ISS's prima facie demonstration of entitlement to judgment as a matter of law, the plaintiff failed to raise a triable issue of fact as to whether ISS created or exacerbated the condition (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). The plaintiff submitted, inter alia, an affidavit of a professional engineer. The expert averred that his opinions were based on, among other things, climatological records, but he did not point to any specific part of the climatological records to justify his conclusion that water could have melted from the allegedly "over-piled" snow and refroze on the sidewalk (*see Terwilliger v Dawes*, 204 AD2d 433, 434 [1994]). Under the circumstances, the expert's affidavit was conclusory, and thus, insufficient to defeat a motion for summary judgment (*see Zuckerman v City of New York, supra* at 562).

The Supreme Court also erred in granting that branch of Olympia's motion which was for summary judgment on its cross claim against ISS for contractual indemnification. Triable issues of fact exist which preclude such relief, and which support the Supreme Court's denial of that branch of ISS's motion which was for summary judgment dismissing the cross claim (*see Patterson v New York City Tr. Auth.*, 5 AD3d 454 [2004]; *Baratta v Home Depot USA, supra*). Santucci, J.P., Schmidt, Rivera and Lifson, JJ., concur.