■ JENNIFER MAHANEY et al., Respondents, v NEUROSCIENCE CENTER et al., Defendants, INTERSTATE DEVELOPMENT LIMITED PARTNERSHIP et al., Respondents, and FRANK BATTAGLIA LANDSCAPING, Appellant. [814 NYS2d 175]—

In an action to recover damages for personal injuries, etc., the defendant Frank Battaglia Landscaping appeals, as limited by its brief, from so much of an order of the Supreme Court, Richmond County (Maltese, J.), dated May 10, 2005, as denied its motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, with one bill of costs, the motion is granted, the complaint and all cross claims insofar as asserted against Frank

Battaglia Landscaping are dismissed, and the action against the remaining defendants is severed.

The defendant Frank Battaglia Landscaping (hereinafter Battaglia), the independent snow removal contractor for the subject premises, correctly contends that it was entitled to summary judgment on the ground that it owed no duty to the injured plaintiff, a pedestrian who slipped and fell on ice at the subject premises. "A limited contractual undertaking to provide snow removal services generally does not render the contractor liable in tort for the personal injuries of third parties" (*Katz v Pathmark Stores, Inc.,* 19 AD3d 371, 372 [2005]; *see Espinal v Melville Snow Contrs.,* 98 NY2d 136, 138 [2002]; *Boddie v New Plan Realty Trust,* 304 AD2d 693, 694 [2003]). The plaintiffs failed to raise a triable issue of fact in response to Battaglia's prima facie showing of entitlement to judgment as a matter of law. The record demonstrates that the snow-removal contract at issue did not constitute an exclusive and comprehensive agreement so as to displace the duty of the property owner to maintain the premises safely (*see Espinal v Melville Snow Contrs., supra* at 141; *Palka v Servicemaster Mgt. Servs. Corp.,* 83 NY2d 579, 584 [1994]; *McCord v Olympia & York Maiden Lane Co.,* 8 AD3d 634 [2004]). The plaintiffs' reliance upon the deposition testimony of an employee of the defendant Ivy Equities, the management company for the property, is unavailing. While the witness testified regarding his understanding of Battaglia's obligations under the agreement, the witness did not negotiate or even discuss the terms of the contract with Battaglia before its execution, and his testimony was therefore incompetent and lacked an evidentiary basis. In any event, the testimony of the witness with regard to the extensive control retained by Ivy Equities over the property, as well as the additional services it requested from Battaglia after the plaintiff's accident, negates the claim that the snow removal agreement constituted an exclusive and comprehensive contract so as to create a duty of care running from Battaglia to the injured plaintiff (*see Parker v Rust Plant Servs., Inc.,* 9 AD3d 671 [2004]).

Furthermore, we disagree with the Supreme Court that the plaintiffs succeeded in raising a triable issue of fact regarding whether Battaglia created or exacerbated the condition which caused the injured plaintiff's fall by its allegedly negligent performance of its snow removal duties. There is simply no evidence in the record that Battaglia failed to properly perform its contractual duties or that it created or exacerbated a dangerous condition (*see Espinal v Melville Snow Contrs., supra* at 142;

*Katz v Pathmark Stores, Inc., supra; Maldonado v Novartis Pharms. Corp.,* 18 AD3d 720 [2005]; *McCord v Olympia & York Maiden Lane Co., supra; Raynor-Brown v Garden City Plaza Assoc.,* 305 AD2d 572 [2003]). In any event, the plaintiffs produced no evidence to establish that the source of the icy condition upon which the injured plaintiff fell was snow which had been plowed into a pile by Battaglia rather than snow from an unplowed road nearby. Accordingly, Battaglia established its entitlement to summary judgment.

The contention raised by the defendants Interstate Development Limited Partnership and Anthony DiTomasso regarding their cross claims against Battaglia is not properly before this Court (*see Brandes v North Shore Univ. Hosp.,* 22 AD3d 440 [2005]; *Storchevoy v Blinderman,* 303 AD2d 672 [2003]). In any event, the contention is without merit. Krausman, J.P., Mastro, Fisher and Covello, JJ., concur.