■ DENISE MUNROE BRIGHTLEY, Respondent-Appellant, v CITY OF NEW YORK, Appellant-Respondent. [815 NYS2d 731]—

In an action to recover damages for personal injuries, the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Partnow, J.), dated January 28, 2005, as denied that branch of its motion which was for summary judgment dismissing the complaint, and the plaintiff cross-appeals from so much of the same order as denied her cross motion for summary judgment on the issue of liability.

Ordered that the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

Neither the defendant nor the plaintiff established entitlement to judgment as a matter of law. Although a defendant has no duty to remove snow during an ongoing storm, a defendant may be held liable where that party's snow-removal efforts create a hazardous condition or exacerbate a natural hazard created by the storm (*see Grillo v Brooklyn Hosp.*, 280 AD2d 452

[2001]). Under the circumstances, a triable issue of fact exists as to whether the defendant's snow-removal efforts created the icy condition or exacerbated a natural hazard created by the storm. Prudenti, P.J., Florio, Krausman and Mastro, JJ., concur.