■ JOSEPH CONTE et al., Appellants, v SERVISAIR/ GLOBEGROUND, Respondent. (And a Third-Party Action.) [883 NYS2d 69]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Westchester County (Nicolai, J.), entered June 18, 2008, as granted the defendant's renewed motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

On January 23, 2004, at about 4:55 A.M., while on his way to work, the plaintiff Joseph Conte (hereinafter the injured plaintiff) allegedly slipped and fell on black ice on an exterior tarmac walkway on premises leased by his employer, Delta Air Lines, Inc. (hereinafter Delta), at La Guardia Airport. At the time, Delta had a snow removal contract with the defendant. After the injured plaintiff and his wife commenced this action, and following joinder of issue, but before depositions were conducted, the defendant, in April 2006, moved for summary judgment dismissing the complaint. The Supreme Court denied the motion on the ground, inter alia, that there had as yet been no depositions, and that the motion was consequently premature. Following depositions, including those of the injured plaintiff, the defendant, and Delta, the defendant made the instant renewed motion for summary judgment dismissing the complaint, and the Supreme Court granted it. We affirm.

The defendant's prior motion was denied, in effect, with leave to renew following the completion of depositions. Contrary to the plaintiffs' contentions, once those depositions had taken place, the Supreme Court properly entertained the defendant's

renewed motion for summary judgment (*cf. Williams v City of White Plains*, 6 AD3d 609 [2004]; *Capuano v Platzner Intl. Group*, 5 AD3d 620 [2004]), and properly granted it.

Ordinarily, an alleged breach of a contractual obligation is not sufficient in and of itself to impose tort liability upon the promisor to noncontracting parties (*see Church v Callanan Indus.*, 99 NY2d 104 [2002]; *Eaves Brooks Costume Co. v Y.B.H. Realty Corp.*, 76 NY2d 220 [1990]). The Court of Appeals has recognized three situations in which a party such as the defendant may be said to have assumed a duty of care, and thus potentially may be liable in tort to third persons such as the injured plaintiff: (1) where the contracting party, in failing to exercise reasonable care in the performance of its duties, launches a force or instrument of harm; (2) where the plaintiff detrimentally relies on the continued performance of the contracting party's duties; and (3) where the contracting party has entirely displaced the other party's duty to maintain the premises safely (*see Espinal v Melville Snow Contrs.*, 98 NY2d 136, 140 [2002]).

The defendant made a prima facie showing that none of the situations in which liability may be imposed, as described in *Espinal*, were applicable here (*see Fung v Japan Airlines Co., Ltd.*, 9 NY3d 351, 361 [2007]; *Espinal v Melville Snow Contrs.*, 98 NY2d at 141; *Wheaton v East End Commons Assoc., LLC*, 50 AD3d 675, 677-678 [2008]; *Roach v AVR Realty Co., LLC*, 41 AD3d 821, 823-824 [2007]; *Castro v Maple Run Condominium Assn.*, 41 AD3d 412, 413-414 [2007]; *Linarello v Colin Serv. Sys., Inc.*, 31 AD3d 396, 397 [2006]). In opposition, the plaintiffs failed to submit evidence sufficient to raise a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]).

Accordingly, the Supreme Court properly granted the defendant's renewed motion for summary judgment dismissing the complaint.

In light of the foregoing determination, we need not address the defendant's contention that, under its snow removal contract with Delta, it was not obligated to service the particular area in which the injured plaintiff allegedly fell. Prudenti, P.J., Fisher, Miller and Lott, JJ., concur.