■ EILEEN FOLKL, Appellant, v MCCAREY LANDSCAPING, INC., Respondent. [887 NYS2d 239]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Orange County (McGuirk, J.), dated July 23, 2008, which granted the defendant's renewed motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff allegedly slipped and fell on ice located in the parking lot of certain premises owned by her employer Time Warner Cable. At the time of the plaintiff's alleged accident, Time Warner Cable had a snow removal contract with the defendant. The plaintiff commenced this action to recover damages for personal injuries. In 2007 the defendant's motion for summary judgment was denied with leave to renew at the conclusion of discovery. Thereafter, the defendant made a renewed motion for summary judgment dismissing the complaint. The Supreme Court granted that motion. We affirm.

"The Court of Appeals has recognized three situations in which a party such as the defendant may be said to have assumed a duty of care, and thus potentially may be liable in tort to third persons such as the injured plaintiff: (1) where the contracting party, in failing to exercise reasonable care in the performance of its duties, launches a force or instrument of harm; (2) where the plaintiff detrimentally relies on the continued performance of the contracting party's duties; and (3) where the contracting party has entirely displaced the other party's duty to maintain the premises safely" (*Conte v Servisair/ Globeground,* 63 AD3d 981, 982 [2009], citing *Espinal v Melville Snow Contrs.,* 98 NY2d 136, 140 [2002]).

The defendant made a prima facie showing that none of the situations in which liability may be imposed, as described in *Espinal,* were applicable herein (*see Alvarez v Prospect Hosp.,* 68 NY2d 320, 324 [1986]; *Mahaney v Neuroscience Ctr.,* 28 AD3d 432, 433-434 [2006]). In opposition, the plaintiff failed to raise a triable issue of fact as to whether the defendant created or exac-

erbated the alleged condition upon which she fell (*see Mahaney v Neuroscience Ctr.,* 28 AD3d at 433-434; *McCord v Olympia & York Maiden Lane Co.,* 8 AD3d 634, 636 [2004]). Her submissions, which consisted of, among other things, the affidavit of a meteorologist, were speculative and/or insufficient to defeat the defendant's renewed motion for summary judgment dismissing the complaint (*see Zabbia v Westwood, LLC,* 18 AD3d 542, 544 [2005]).

The plaintiff's remaining contention is without merit. Rivera, J.P., Florio, Austin, JJ., concur. Belen, J. (dissenting, and voting to reverse the order appealed from and deny the defendant's renewed motion for summary judgment dismissing the complaint, with the following memorandum): I respectfully dissent. In my opinion, in opposition to the defendant's demonstration of its entitlement to judgment as a matter of law dismissing the complaint, the plaintiff raised a triable issue of fact as to whether the defendant launched a force or instrument of harm by piling snow in the parking lot, which, in the six or seven days between the last snowfall and her accident, melted and refroze into the ice upon which she slipped and fell (*see Elsey v Clark Trading Corp.,* 57 AD3d 1330, 1331-1332 [2008]; *Torosian v Bigsbee Vil. Homeowners Assn.,* 46 AD3d 1314, 1316 [2007]; *Ricca v Ahmad,* 40 AD3d 728 [2007]; *Brightley v City of New York,* 29 AD3d 926 [2006]; *Grillo v Brooklyn Hosp.,* 280 AD2d 452 [2001]; *cf. Espinal v Melville Snow Contrs.,* 98 NY2d 136, 141-142 [2002]).

The three cases principally relied upon by my colleagues in the majority are distinguishable. In *Zabbia v Westwood, LLC* (18 AD3d 542 [2005]), the plaintiffs testified that when they first arrived at the subject mall parking lot, approximately four hours before the injured plaintiff allegedly slipped and fell on black ice, the parking lot was not icy. In opposition to the defendants' prima facie case, "the plaintiffs tendered no proof, expert or otherwise, as to exactly how or when the icy condition may have formed during the four-hour period between their arrival at the mall and the accident. Thus, their claim that the defendants caused or created the ice patch through incomplete snow removal efforts was based on speculation, which was insufficient to defeat a motion for summary judgment" (*id.* at 544 [citations omitted]).

Similarly, in *Mahaney v Neuroscience Ctr.* (28 AD3d 432 [2006]), the plaintiffs failed to raise a triable issue of fact as to whether the icy condition resulted from snow piles the defendant created in the subject parking lot or from snow from a nearby unplowed road. And, in *McCord v Olympia & York*

*Maiden Lane Co.* (8 AD3d 634, 635 [2004]), the plaintiff failed to raise a triable issue of fact as to whether the defendant created or exacerbated the icy condition on the sidewalk because his professional engineer failed to "point to any specific part of the climatological records to justify his conclusion that water could have melted from the allegedly 'over-piled' snow and refroze on the sidewalk."

In contrast, here, in opposition to the defendant's renewed motion for summary judgment, the plaintiff submitted an affidavit in which she described the ice in the subject parking lot at the time she arrived for work on the morning of December 16, 2005, *and* when she slipped later that day at approximately 4:00 P.M., as several inches thick and uneven, and as having been present since the last snowfall on December 9, 2005. Moreover, she stated that the icy condition was worsened or created by the defendant's creation of snow piles in the parking lot that melted and refroze as the temperatures fluctuated in the days following the December 9th snowfall. She further averred that the ice in the parking lot was so thick and had accumulated for so long that it sustained the weight of her car. In essence, the plaintiff's evidence in opposition shows that the entire parking lot was covered in a thick sheet of ice, which resulted from the melting and refreezing of the snow piles created by the snowfall approximately one week earlier.

The plaintiff also submitted an affidavit of a meteorologist who concluded, based on his review of weather data, with a reasonable degree of meteorological certainty, that at approximately 4:00 P.M. on December 16, 2005, 4 to $4^1/_2$ inches of snow and ice were present on exposed, untreated, and undisturbed outdoor surfaces in the vicinity of the plaintiff's accident. He further explained that such snow and ice resulted from the melting and refreezing of snow and ice that had fallen during the December 9-10, 2005 snowfall.

Although the weather data relied on by the plaintiff indicates that freezing rain fell on the morning of December 16, 2005, this fact does not render speculative the plaintiff's assertion that the ice on which she fell resulted from the melting and refreezing of the snow piles created by the defendant when it plowed the subject parking lot following the December 9-10, 2005 snowfall. Indeed, the plaintiff's description of the ice as several inches thick and uneven is consistent with her meteorological expert's description of 4 to $4^1/_2$ inches of snow and ice being present on undisturbed ground surfaces, and which resulted from the melting and refreezing of snow and ice from the prior snowfall. As such, unlike the plaintiffs in *Zabbia*,

*Mahaney*, and *McCord*, the plaintiff herein raised a triable issue of fact as to whether the defendant launched a force or instrument of harm through its snow removal efforts (*see Elsey v Clark Trading Corp.*, 57 AD3d at 1331-1332; *Torosian v Bigsbee Vil. Homeowners Assn.*, 46 AD3d at 1316; *Ricca v Ahmad*, 40 AD3d at 728; *Vilorio v Suffolk Y Jewish Community Ctr., Inc.*, 33 AD3d 696 [2006]; *Brightley v City of New York*, 29 AD3d at 926; *Grillo v Brooklyn Hosp.*, 280 AD2d at 452).

Summary judgment should be denied when there is "any doubt" or when the existence of a triable issue of fact is "arguable" (*Sillman v Twentieth Century-Fox Film Corp.*, 3 NY2d 395, 404 [1957]; *see St. Andrews Homeowners Assn. v Saint Andrew's Golf Club*, 289 AD2d 388 [2001]). Stated differently, "[t]he court's role on a motion for summary judgment is to determine whether there is a material factual issue to be tried, not to resolve it . . . Where different conclusions can reasonably be drawn from the evidence, the motion should be denied" (*Sommer v Federal Signal Corp.*, 79 NY2d 540, 554-555 [1992]; *see Lopez v Beltre*, 59 AD3d 683, 685 [2009]; *Pirrelli v Long Is. R.R.*, 226 AD2d 166 [1996]). That is the case here. Since an issue of fact clearly exists as to the source of the ice upon which the plaintiff fell, and the majority has improperly engaged in issue determination, I must respectfully dissent.