■ Kayla Spitzer et al., Appellants, v Lawrence Tranese, Defendant/Third-Party Plaintiff, and Lopopolo Iron Works, Inc., Defendant/Third-Party Defendant-Respondent, et al., Defendants. [898 NYS2d 618]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Kings County (Schmidt, J.), dated December 16, 2008, which granted the motion of the defendant/third-party defendant, Lopopolo Iron Works, Inc., for summary judgment dismissing the complaint insofar as asserted against it and the third-party complaint.

Ordered that the appeal from so much of the order as granted that branch of the motion of the defendant third-party defendant for summary judgment dismissing the third-party complaint is dismissed, as the plaintiffs are not aggrieved by that portion of the order (*see* CPLR 5511); and it is further,

Ordered that the order is affirmed insofar as reviewed; and it is further,

Ordered that one bill of costs is awarded to the defendant third-party defendant-respondent.

The plaintiff Kayla Spitzer allegedly was injured when she tripped on the sidewalk in front of property owned by the defendant/third-party plaintiff, Lawrence Tranese, and fell down exterior stairs leading from the sidewalk to the basement. Prior to the accident, Tranese had retained the defendant/third-party defendant, Lopopolo Iron Works, Inc. (hereinafter Lopopolo), to install a new wrought iron fence in front of the premises, to replace one previously removed by another contractor. However, it is undisputed that Lopopolo had not yet commenced its installation work at the time of the accident.

Lopopolo demonstrated its prima facie entitlement to judgment as a matter of law establishing that it owed no duty of

care to the injured plaintiff by virtue of its oral contract with Tranese to install a fence on the premises (*see Church v Callanan Indus.*, 99 NY2d 104, 111 [2002]; *Espinal v Melville Snow Contrs.*, 98 NY2d 136, 139-141 [2002]; *Eaves Brooks Costume Co. v Y.B.H. Realty Corp.*, 76 NY2d 220 [1990]; *Moch Co. v Rensselaer Water Co.*, 247 NY 160 [1928]). In opposition to the motion, no triable issue of fact was raised. Lopopolo's limited contractual undertaking was not a comprehensive and exclusive property maintenance obligation intended to displace the landowner's duty to safely maintain the property (*see Palka v Servicemaster Mgt. Servs. Corp.*, 83 NY2d 579, 588 [1994]; *Castro v Maple Run Condominium Assn.*, 41 AD3d 412, 414 [2007]; *Pavlovich v Wade Assoc.*, 274 AD3d 382, 382-383 [2000]). Rather, Tranese retained his landowner's duty to safely maintain the premises and indeed, after the removal of his old fence, he maintained a temporary barricade on his property for that purpose (*see Lattimore v First Mineola Co.*, 60 AD3d 639 [2009]).

Nor is there any evidence that the plaintiffs detrimentally relied on Lopopolo's performance, or that its actions "launched a force or instrument of harm" (*Moch Co. v Rensselaer Water Co.*, 247 NY at 168; *see Baratta v Home Depot USA*, 303 AD2d 434 [2003]; *Pavlovich v Wade Assoc.*, 274 AD2d at 383). Therefore, the Supreme Court properly granted that branch of Lopopolo's motion which was for summary judgment dismissing the complaint insofar asserted against it.

The plaintiffs' remaining contentions are without merit. Mastro, J.P., Skelos, Eng and Roman, JJ., concur.