■ GLORIA HARBOUR, Respondent, v OCEANSIDE INSTITUTIONAL INDUSTRIES, INC., Appellant. [904 NYS2d 104]—

In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Kings County (Battaglia, J.), dated May 21, 2009, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is granted.

While on the job at her place of employment, the plaintiff allegedly sustained injuries to her right knee when she steadied herself after her left foot "went under" a rectangular area mat placed on the lobby floor at the subject location. The plaintiff did not fall. The defendant supplied area mats to the plaintiff's employer, including mats that were used in the lobby area where the plaintiff was injured.

In support of its motion for summary judgment, the defendant made a prima facie showing of entitlement to judgment as a matter of law (*see generally Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]). The defendant submitted the deposition testimony

of the plaintiff. Among other things, she stated that just prior to the accident, she was looking "straight ahead" and she could see the mat. Just before her foot was caught, she "didn't see anything special other than [her] foot getting caught." She did not know how the mat looked, except that she recalled that it "rolled over" as her foot went underneath it, and it "rolled back" after she steadied herself. The plaintiff further testified that prior to the accident, she did not see any problem with the mat, and that she did not know whether the mat was flat on the floor. The plaintiff was not aware of anyone who witnessed the accident. Prior thereto, the plaintiff did not complain either to her employer or to the defendant about the mats the defendant delivered.

The defendant also submitted the deposition testimony of its employee-driver who delivered mats to the subject location in the relevant period of time. Among other things, he testified that prior to the accident, he was not aware of any complaints about the mats used in the lobby.

In opposition to the defendant's prima facie showing, the plaintiff failed to raise a triable issue of fact.

The plaintiff's remaining contentions are without merit.

Accordingly, the Supreme Court should have granted the defendant's motion for summary judgment dismissing the complaint. Dillon, J.P., Miller, Chambers and Lott, JJ., concur.