■ Janine Farrell, Appellant, v City of New York et al., Defendants, and Grace Industries, Inc., et al., Respondents.
[919 NYS2d 531]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Saitta, J.), dated September 22, 2009, which granted the motion of the defendants Grace Industries, Inc., and Grace Industries, Inc./El Sol Contracting & Construction Inc., J.V., for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed, with costs.

At approximately 6:20 A.M. on May 15, 2002, the plaintiff was driving in the Manhattan-bound left HOV lane on the Gowanus Expressway, approaching the Brooklyn Battery Tunnel, when her vehicle allegedly was struck by road debris identified as a brake shoe. The brake shoe went through the windshield and struck the plaintiff in the face, rendering her unconscious. At the time of the accident, the defendants Grace Industries, Inc., and Grace Industries Inc./El Sol Contracting & Construction Inc., J.V. (hereinafter together the Grace defendants), were performing redecking and structural steel replacement work on the Gowanus Expressway pursuant to a contract with the State of New York. The Supreme Court granted the Grace defendants' motion for summary judgment dismissing the complaint insofar as asserted against them. We affirm.

Generally, a contractual obligation, standing alone, will not give rise to tort liability in favor of a third party (*see Espinal v Melville Snow Contrs.*, 98 NY2d 136, 140 [2002]). However, a party who enters into a contract to render services may be said to have assumed a duty of care, and thus be potentially liable in tort to third persons where (1) the contracting party, in failing to exercise reasonable care in the performance of its duties, launches a force or instrument of harm, (2) the plaintiff detrimentally relies on the continued performance of the contracting party's duties, or (3) the contracting party has entirely displaced the other party's duty to maintain the premises safely (*id.* at 140).

Here, the Grace defendants established their prima facie entitlement to judgment as a matter of law by demonstrating that their contract with the State was limited and did not entirely displace the State's duty to maintain the roadway (*see Church v Callanan Indus.*, 99 NY2d 104 [2002]; *cf. Palka v Servicemaster Mgt. Servs. Corp.*, 83 NY2d 579, 588-589 [1994]). Additionally, the evidence failed to show that the plaintiff detrimentally relied upon the Grace defendants' continued performance of their duty (*see Bugiada v Iko*, 274 AD2d 368 [2000]), or that the Grace defendants "launched a force or instrument of harm" (*Moch Co. v Rensselaer Water Co.*, 247 NY 160, 168 [1928]). The Grace defendants demonstrated that they did not cause the brake shoe to be on the roadway, that they did not know how long it was there, and that they did not have any duty to remove nonconstruction roadway debris. In opposition, the plaintiff failed to raise a triable issue of fact.

In light of our determination, there is no need to address the parties' remaining contentions. Dillon, J.P., Leventhal, Chambers and Austin, JJ., concur.