■ JACQUELINE SAINVAL-BRICE, Respondent, v ALL SEASONS INDUSTRIAL SERVICES, INC., et al., Appellants. [926 NYS2d 586]—

In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Queens County (Rosengarten, J.), dated December 15, 2010, which denied their motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is granted.

In the course of her employment at a school, the plaintiff allegedly was injured when her left foot got caught on a buckled mat on the lobby floor of the school. The defendants supplied area mats to the plaintiff's employer, including mats that were used in the lobby area where the plaintiff was injured.

"[A] contractual obligation, standing alone, will generally not give rise to tort liability in favor of a third party" (*Stiver v Good & Fair Carting & Moving, Inc.*, 9 NY3d 253, 257 [2007] [internal quotation marks omitted]). However, a party who enters into a contract to render services may be said to have assumed a duty of care, and thus be potentially liable in tort to third persons, where (1) the contracting party, in failing to exercise reasonable care in the performance of its duties, launches a force or instrument of harm, (2) the plaintiff detrimentally relies on the continued performance of the contracting party's duties, or (3) the contracting party has entirely displaced the other party's duty to maintain the premises safely (*see Espinal v Melville Snow Contrs.*, 98 NY2d 136, 140 [2002]; *Farrell v City of New York*, 83 AD3d 655 [2011]; *Conte v Servisair/Globeground*, 63 AD3d 981, 982 [2009]).

The plaintiff contended that the defendants owed her a duty of care because they launched a force or instrument of harm and, in effect, had entirely displaced her employer's duty to maintain the premises safely. In support of their motion for summary judgment, the defendants made a prima facie showing of entitlement to judgment as a matter of law (*see generally Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]). The defendants established prima facie that they did not have a contractual obligation to maintain the mats in question in a safe manner af-

ter delivery. Further, assuming such an obligation existed, the defendants nonetheless established that they neither created nor had actual or constructive notice of the defective condition (*see generally Kaehler-Hendrix v Johnson Controls, Inc.*, 58 AD3d 604, 606 [2009]). It would be speculative to assume that the defendants created the alleged defect or had actual or constructive notice of the alleged defect, i.e., the buckling of the mat. The evidence showed that the defendants did not have sole control and possession over the mats at the school. Indeed, the plaintiff averred in her affidavit that, on a typical day, "approximately 200 adults traverse through the hallway and onto the mat." While the subject mat was laid at the school three days prior to the accident, someone walking in the lobby area could have kicked the mat, making it uneven, mere seconds before the plaintiff tripped. Furthermore, there was no evidence that there was any visible defect in the mat to provide notice to the defendant (*see Harbour v Oceanside Inst. Indus., Inc.*, 74 AD3d 1023 [2010]; *Rubin v Cryder House*, 39 AD3d 840 [2007]; *Larsen v Congregation B'Nai Jeshurun of Staten Is.*, 29 AD3d 643 [2006]). Nor would a general awareness that floor mats occasionally bunch be sufficient to constitute notice of the alleged dangerous condition which proximately caused the plaintiff to trip (*see Harbour v Oceanside Inst. Indus., Inc.*, 74 AD3d 1023 [2010]; *Kasner v Pathmark Stores, Inc.*, 18 AD3d 440, 441 [2005]).

The defendants met their prima facie burden of showing that they did not launch a force or instrument of harm by establishing that the mats were delivered in "excellent" condition, were laid in a flat manner that was "flush" to the ground, and that they had no notice of any defect in the mats, or as to how they were laid (*see Harbour v Oceanside Inst. Indus., Inc.*, 74 AD3d 1023 [2010]).

In opposition to the defendants' prima facie showing, the plaintiff failed to raise a triable issue of fact.

The plaintiff's remaining contentions are without merit.

Accordingly, the Supreme Court should have granted the defendants' motion for summary judgment dismissing the complaint. Angiolillo, J.P., Balkin, Dickerson and Cohen, JJ., concur.