■ LUIS ERNESTO GURMENDI, Appellant, v PERRY STREET DEVELOPMENT CORP. et al., Respondents, et al., Defendant. (And a Third-Party Action.) [939 NYS2d 549]—

In an action to recover damages for personal injuries, the plaintiff appeals (1), as limited by his brief, from so much of a judgment of the Supreme Court, Kings County (Ruchelsman, J.), dated August 10, 2010, as, upon so much of an order of the same court dated October 20, 2009, as granted that branch of the motion of the defendant Pucuda, Inc., doing business as Leading Edge Safety Systems, which was for summary judgment dismissing the second amended complaint insofar as asserted against that defendant, is in favor of the defendant Pucuda, Inc., doing business as Leading Edge Safety Systems, and against him, in effect, dismissing the second amended complaint insofar as asserted against that defendant, and (2) from a judgment of the same court dated December 6, 2010, which, upon so much of an order of the same court dated July 15, 2010, as granted those branches of the motion of the defendant J Companies and the cross motion of the defendant Perry Street Development Corp. which were for summary judgment dismissing the second amended complaint insofar as asserted against each of those defendants, is in favor of the defendants J Companies and Perry Street Development Corp. and against him dismissing the second amended complaint insofar as asserted against those defendants.

Ordered that the judgment dated August 10, 2010, is modified, on the law, by adding a provision thereto severing all remaining claims from the claims asserted against the defendant Pucuda, Inc., doing business as Leading Edge Safety Systems; as so modified, the judgment is affirmed insofar as appealed from; and it is further,

Ordered that the judgment dated December 6, 2010, is reversed, on the law, those branches of the motion of the defendant J Companies and the cross motion of the defendant Perry Street Development Corp. which were for summary judgment dismissing the second amended complaint insofar as asserted against each of them are denied, the order dated July 15, 2010, is modified accordingly, and the second amended complaint is reinstated insofar as asserted against those defendants; and it is further,

Ordered that one bill of costs is awarded to the plaintiff, payable by the defendants J Companies and Perry Street Development Corp., and one bill of costs is awarded to the defendant Pucuda, Inc., doing business as Leading Edge Safety Systems, payable by the plaintiff.

The defendant Perry Street Development Corp. (hereinafter Perry) was formed to oversee the condominium development of a building it owned (hereinafter the project), which was located at 166 Perry Street, Manhattan. Perry hired the defendant J Companies as the construction manager for the project. In the fall of 2005, after construction work was underway, a stop work order was issued due to the lack of fall protection/safety netting. Thereafter, Perry entered into an agreement with the defendant Pucuda, Inc., doing business as Leading Edge Safety Systems (hereinafter Pucuda), for the rental of perimeter safety netting.

The existing building at 166 Perry Street had a five-foot parapet wall around the entire building. The safety netting was installed below the parapet wall, and it was intended to "catch loads" and "deflect." The installation of the safety netting was completed on or about October 14, 2005, by the third-party defendant, Exterior Wall and Building Consultants, Inc. (hereinafter EWBC).

On the day of the accident, the plaintiff was working as a carpenter at a construction project located at 176 Perry Street, which was next to the site at 166 Perry Street, and was standing on the flatbed of a delivery truck, helping to unload a delivery of sheetrock, when bricks, stones, ice, and branches fell onto him. At his deposition, the plaintiff testified that as a result of being struck, he fell onto his right side, striking his right knee on the sheetrock. He further testified that the driver of the delivery truck urged the plaintiff to move out of the way of the falling debris, and extended his hand to help the plaintiff off the truck. Despite this effort, however, the plaintiff fell from the truck to the pavement below, and allegedly injured his left hand and right leg. The plaintiff testified that at that time, he saw that the items were falling from the protective netting at the project and that the center of the safety netting was split or broken. The plaintiff filed a second amended complaint in this personal injury action against, among others, Pucuda, Perry, and J Companies, and those defendants subsequently moved or cross-moved, inter alia, for summary judgment dismissing the second amended complaint insofar as asserted against each of them.

The Supreme Court properly granted that branch of Pucuda's motion which was for summary judgment dismissing the second amended complaint insofar as asserted against it. Pucuda established its entitlement to judgment as a matter of law by demonstrating that it did not owe a duty to the plaintiff since the plaintiff was not a party or intended third-party beneficiary to the perimeter safety netting rental contract between Pucuda

and the owner of the premises (*see Stiver v Good & Fair Carting & Moving, Inc.*, 9 NY3d 253, 256, 257 [2007]; *Espinal v Melville Snow Contrs.*, 98 NY2d 136, 138 [2002]; *Sainval-Brice v All Seasons Indus. Servs., Inc.*, 85 AD3d 1004, 1004 [2011]; *Foster v Herbert Slepoy Corp.*, 76 AD3d 210 [2010]; *Spitzer v Tranese*, 72 AD3d 674, 674-675 [2010]). In opposition, the plaintiff failed to raise a triable issue of fact as to whether Pucuda launched a force or instrument of harm, the plaintiff detrimentally relied on the continued performance of Pucuda's duties, or Pucuda entirely displaced the owner's duty to maintain the premises safely (*see Espinal v Melville Snow Contrs.*, 98 NY2d at 138-140; *Sainval-Brice v All Seasons Indus. Servs., Inc.*, 85 AD3d at 1005; *Spitzer v Tranese*, 72 AD3d at 675).

However, the Supreme Court erred in granting those branches of the motion of J Companies and the cross motion of Perry which were for summary judgment dismissing the second amended complaint insofar as asserted against each of them on the grounds that, as a matter of law, there was a lack of constructive notice and the alleged dangerous condition was not a proximate cause of the plaintiff's alleged injuries (*see Derdiarian v Felix Contr. Corp.*, 51 NY2d 308, 315 [1980]; *Thompson v Town of Brookhaven*, 34 AD3d 448, 450 [2006]; *Spathos v Gramatan Mgt.*, 2 AD3d 833 [2003]). Since "the determination of legal causation turns upon questions of forseeability and 'what is . . . normal may be the subject of varying inferences, as is the question of negligence itself, these issues generally are for the fact finder to resolve' " (*Kriz v Schum*, 75 NY2d 25, 34 [1989], quoting *Derdiarian v Felix Contr. Corp.*, 51 NY2d at 315). Here, the description of the accident provided by the plaintiff at his deposition was not an extraordinary sequence of events which would lead to the conclusion, as a matter of law, that the risk of injury was unforeseeable (*see Derdiarian v Felix Contr. Corp.*, 51 NY2d at 315-316; *cf. Davidson v Miele Sanitation Co. NY, Inc.*, 9 AD3d 346 [2004]). Thus, there remains a triable issue of fact as to whether it was foreseeable that materials falling from defective safety netting installed overhead would strike a person nearby and that this person could be injured while attempting to avoid such falling materials (*see Mazzio v Highland Homeowners Assn. & Condos*, 63 AD3d 1015, 1016 [2009]; *Humbach v Goldstein*, 255 AD2d 420, 421 [1998]; *Cruz v City of New York*, 218 AD2d 546, 548-549 [1995]; *cf. Cruz v City of New York*, 6 AD3d 644, 645 [2004]). Nor did the alleged negligence of these defendants merely furnish the condition or occasion for the injury-producing occurrence (*see Derdiarian v Felix Contr. Corp.*, 51 NY2d at 315-316; *cf. Lee v New York City*

*Hous. Auth.*, 25 AD3d 214, 215-216, 220 [2005]; *Rodriguez v Pro Cable Servs. Co. Ltd. Partnership*, 266 AD2d 894 [1999]; *Torres v Hallen Constr. Corp.*, 226 AD2d 364, 365 [1996]). Additionally, both J Companies and Perry failed to establish, prima facie, that they lacked constructive notice of the alleged dangerous condition (*see Gordon v American Museum of Natural History*, 67 NY2d 836 [1986]; *Aragundi v Tishman Realty & Constr. Co., Inc.*, 68 AD3d 1027, 1030 [2009]; *Rodriguez v Hudson View Assoc., LLC*, 63 AD3d 1135, 1136 [2009]; *Van Dina v St. Francis Hosp., Roslyn, N.Y.*, 45 AD3d 673 [2007]; *Riley v ISS Intl. Serv. Sys.*, 5 AD3d 754, 756 [2004]; cf. *Miguel v SJS Assoc., LLC*, 40 AD3d 942 [2007]). Accordingly, J Companies and Perry did not make a prima facie showing of entitlement to judgment as a matter of law (*see generally Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]).

The parties' remaining contentions either are without merit or need not be reached in light of our determination. Rivera, J.P., Eng, Lott and Sgroi, JJ., concur.