*659 In an action to recover damages for personal injuries, the defendant and third-party plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Rockland County (Jamieson, J.), dated January 10, 2012, as denied those branches of its motion which were for summary judgment dismissing the cause of action alleging a violation of Labor Law § 240 (1) and on its third-party claim for common-law indemnification against the defendant and third-party defendant, and the defendant and third-party defendant cross-appeals, as limited by its brief, from so much of the same order as denied those branches of its motion which were for summary judgment dismissing the complaint insofar as asserted against it and dismissing the third-party complaint.
Ordered that the order is modified, on the law, (1) by deleting the provision thereof denying that branch of the motion of the defendant and third-party plaintiff which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 240 (1), and substituting therefor a provision granting that branch of the motion, (2) by adding thereto the words “is denied as academic” before the words “with respect to its claim for common law indemnification against S&V¡” in the first paragraph thereof, and (3) by deleting the provision thereof denying those branches of the motion of the defendant and third-party defendant which were for summary judgment dismissing the complaint insofar as asserted against it and dismissing the third-party complaint, and substituting therefor a provision granting those branches of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
The plaintiff’s decedent, whose death was unrelated to the subject accident, arrived at a building owned by the defendant and third-party plaintiff, 5822 Broadway Associates, LLC (hereinafter Broadway), to “check . . . out” an air conditioning unit that his company had previously installed there to determine why one of the rooms in the building was not receiving cool air. The plaintiffs decedent ascended an exterior ladder which was fabricated and installed by the defendant and third-party defendant, S & V Iron Works Corp. (hereinafter S&V). The ladder was permanently affixed to a cinder block wall leading up to the roof where the air conditioning unit was located. As the plaintiff’s decedent was ascending the ladder, with a “multi screwdriver,” pliers, and a tester in his pocket, he fell, sustaining injuries.
The plaintiff commenced this action against Broadway and *660 S&V asserting, among others, a cause of action alleging a violation of Labor Law § 240 (1) against Broadway alone. In support of that branch of Broadway’s motion which was for summary judgment dismissing the Labor Law § 240 (1) cause of action, Broadway established, prima facie, that the plaintiffs decedent was not engaged in an enumerated activity at the time of the accident (see Abbatiello v Lancaster Studio Assoc., 3 NY3d 46, 49 [2004]; Beehner v Eckerd Corp., 3 NY3d 751, 752 [2004]; English v City of New York, 43 AD3d 811 [2007]; Price v 49 Dupont Realty Corp., 282 AD2d 729 [2001]). The plaintiff failed to raise a triable issue of fact in opposition.
As against S&V the plaintiff asserted causes of action alleging negligence. S&V established its prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against it by demonstrating that it did not owe a duty of care to the plaintiffs decedent, who was not a party to S&V’s contract with Broadway (see Church v Callanan Indus., 99 NY2d 104, 111-112 [2002]; Johnson v City of New York, 102 AD3d 746, 749 [2013]; Gurmendi v Perry St. Dev. Corp., 93 AD3d 635, 637 [2012]). In opposition, the plaintiff failed to raise a triable issue of fact as to whether S&V launched a force or instrument of harm, or that either of the other two exceptions to the general rule that breach of a contractual obligation will not give rise to tort liability in favor of a noncontracting third party applied (see Espinal v Melville Snow Contrs., 98 NY2d 136 [2002]; Johnson v City of New York, 102 AD3d at 749; Gurmendi v Perry St. Dev. Corp., 93 AD3d at 637).
Accordingly, the Supreme Court should have granted that branch of Broadway’s motion which was for summary judgment dismissing the Labor Law § 240 (1) cause of action and should have granted that branch of S&V’s motion which was for summary judgment dismissing the complaint insofar as asserted against it.
In light of our determination that Broadway was entitled to summary judgment dismissing the Labor Law § 240 (1) cause of action, which was the only remaining cause of action against it, Broadway’s third-party action against S&V must be dismissed (see DePascale v E&A Constr. Corp., 74 AD3d 1128, 1131 [2010]; Neidhart v K.T. Brake & Spring Co., 55 AD3d 887, 889 [2008]). Mastro, J.E, Dickerson, Lott and Hinds-Radix, JJ., concur.