Laronga v Atlas-Suffolk Corp. (2018 NY Slip Op 05924)





Laronga v Atlas-Suffolk Corp.


2018 NY Slip Op 05924


Decided on August 29, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 29, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SANDRA L. SGROI
COLLEEN D. DUFFY
ANGELA G. IANNACCI, JJ.


2016-02033
 (Index No. 16185/11)

[*1]John Laronga, respondent, 
v
Atlas-Suffolk Corp., appellant-respondent, Critics Choice Deli NY, Inc., et al., respondents-appellants, et al., defendant.


Gallo Vitucci Klar LLP, New York, NY (Sherri A. Jayson and Kimberly A. Ricciardi of counsel), for appellant-respondent.
McCarthy & Associates, Melville, NY (Michael D. Kern of counsel), for respondents-appellants.
Edelman, Krasin & Jaye, PLLC, Westbury, NY (Kara M. Rosen of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendant Atlas-Suffolk Corp. appeals, and the defendants Critics Choice Deli NY, Inc., and 1153 East Jericho Deli, Inc., cross-appeal, from an order of the Supreme Court, Suffolk County (Daniel Martin, J.), dated January 6, 2016. The order, insofar as appealed from, denied the motion of the defendant Atlas-Suffolk Corp. for summary judgment dismissing the amended complaint and all cross claims insofar as asserted against it. The order, insofar as cross-appealed from, denied the motion of the defendants Critics Choice Deli NY, Inc., and 1153 East Jericho Deli, Inc., for summary judgment dismissing the amended complaint and all cross claims insofar as asserted against them.
ORDERED that the order is affirmed insofar as appealed from; and it is further,
ORDERED that the order is reversed insofar as cross-appealed from, on the law, and the motion of the defendants Critics Choice Deli NY, Inc., and 1153 East Jericho Deli, Inc., for summary judgment dismissing the amended complaint and all cross claims insofar as asserted against them is granted; and it is further,
ORDERED that one bill of costs is awarded to the defendants Critics Choice Deli NY, Inc., and 1153 East Jericho Deli, Inc., payable by the plaintiff and the defendant Atlas-Suffolk Corp.
The plaintiff commenced this action against, among others, Atlas-Suffolk Corp. (hereinafter Atlas-Suffolk), Critics Choice Deli NY, Inc., and 1153 East Jericho Deli, Inc. (hereinafter together the Critics Choice defendants), to recover damages for personal injuries he alleges he sustained when he slipped and fell on a patch of ice in the parking lot of a strip mall owned by Atlas-Suffolk and located in Huntington. The Critics Choice defendants were a retail tenant of the premises, and the principal of the Critics Choice defendants performed certain snow-[*2]plowing services at the premises for Atlas-Suffolk.
After the completion of discovery, Atlas-Suffolk and the Critics Choice defendants separately moved for summary judgment dismissing the amended complaint and all cross claims insofar as asserted against each of them. The Supreme Court denied both motions. Atlas-Suffolk appeals, and the Critics Choice defendants cross-appeal.
"Under the so-called storm in progress' rule, a property owner will not be held responsible for accidents occurring as a result of the accumulation of snow and ice on its premises until an adequate period of time has passed following the cessation of the storm to allow the owner an opportunity to ameliorate the hazards caused by the storm" (Marchese v Skenderi, 51 AD3d 642, 642).
Atlas-Suffolk failed to establish its prima facie entitlement to judgment as a matter of law on its contention that the storm in progress rule applied. Although Atlas-Suffolk submitted certified climatological records indicating that on the morning of the day in question precipitation was falling at Long Island MacArthur Airport, the plaintiff's deposition testimony that it was not snowing or raining that morning demonstrated the existence of a triable issue of fact as to whether there was a storm in progress in Huntington at the time of the accident (see Lebron v Napa Realty Corp., 65 AD3d 436, 437; Buroker v Country View Estate Condominium Assn., Inc., 54 AD3d 795, 796; Calix v New York City Tr. Auth., 14 AD3d 583, 584). Since Atlas-Suffolk failed to meet its initial burden, we need not review the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853). Accordingly, we agree with the Supreme Court's determination to deny Atlas-Suffolk's motion for summary judgment dismissing the amended complaint and all cross claims insofar as asserted against it.
However, the Supreme Court should have granted the Critics Choice defendants' motion for summary judgment dismissing the amended complaint and all cross claims insofar as asserted against them on the ground that they owed no duty to the plaintiff. "A limited contractual undertaking to provide snow removal services generally does not render the contractor liable in tort for the personal injuries of third parties" (Baratta v Home Depot USA, 303 AD2d 434, 434). Nevertheless, "[a] contractor may be held liable for injuries to a third party where, in undertaking to render services, the contractor entirely displaces the duty of the property owner to maintain the premises in a safe condition, the injured party relies on the contractor's continued performance under the agreement, or the contractor negligently creates or exacerbates a dangerous condition" (LaGuarina v Metropolitan Tr. Auth., 109 AD3d 793, 795; see Espinal v Melville Snow Contrs., 98 NY2d 136, 140).
The Critics Choice defendants established their prima facie entitlement to judgment as a matter of law by demonstrating that the plaintiff was not a party to any snow removal contract that they had with Atlas-Suffolk, and thus, they owed no duty of care to the plaintiff (see Javid v Sclafmore Constr., 117 AD3d 907, 908; Rudloff v Woodland Pond Condominium Assn., 109 AD3d 810, 811-812; see also Espinal v Melville Snow Contrs., 98 NY2d at 140-141). Since the plaintiff did not allege facts in his amended complaint or bill of particulars that would establish the possible applicability of any of the Espinal exceptions, the Critics Choice defendants, in establishing their prima facie entitlement to judgment as a matter of law, were not required to affirmatively demonstrate that these exceptions did not apply (see Javid v Sclafmore Constr., 117 AD3d at 907-908; Rudloff v Woodland Pond Condominium Assn., 109 AD3d at 811-812).
In opposition, the plaintiff failed to raise a triable issue of fact as to the applicability of one or more of the three Espinal exceptions (see Foster v Herbert Slepoy Corp., 76 AD3d 210, 214). The plaintiff's conclusory contention that the Critics Choice defendants launched a force or instrument of harm by creating or exacerbating the icy condition that allegedly caused him to fall was insufficient to raise a triable issue of fact (see Rudloff v Woodland Pond Condominium Assn., 109 AD3d at 811; Baker v Buckpitt, 99 AD3d 1097, 1100; Mahaney v Neuroscience Ctr., 28 AD3d 432, 433). Likewise, the plaintiff failed to submit evidence supporting his contention that the snow removal contract was a comprehensive agreement which displaced Atlas-Suffolk's duty to maintain [*3]the premises in a safe condition, and thus, failed to raise a triable issue of fact because the purported agreement provided only that snow would be removed upon request (see Espinal v Melville Snow Contrs., 98 NY2d at 141; Linarello v Colin Serv. Sys., Inc., 31 AD3d 396, 397).
Accordingly, the Supreme Court should have granted the Critics Choice defendants' motion for summary judgment dismissing the amended complaint and all cross claims insofar as asserted against them.
RIVERA, J.P., SGROI, DUFFY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court